486 A.2d 507

**GRANT R. WRIGHT, INC., Appellant,**

**v.**

**HAWORTH ENERGY RESOURCES, INC. and Carl W. Householder.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1984.

Filed Dec. 21, 1984.

George H. Hancher, Zelienople, for appellant.

Thomas W. King, III, Butler, for appellees.

Before BROSKY, TAMILIA and ROBERTS, JJ.

TAMILIA, Judge:

This is an appeal from an order granting appellee's demurrer to Count 2 of appellant's complaint in assumpsit and thereby dismissing with prejudice the allegation of personal liability against appellee, Carl Householder. Householder is the president of Haworth Corporation, the joint appellee, and the holder of 52% of its stock. Haworth Corporation is a seller of coal, appellant a supplier. The dispute centers around deliveries to Lockport Paperboard Corporation for which appellant claims a debt owing from appellees of $36,800. The complaint in assumpsit underlying this action contains two counts, of which only the second concerns us. It includes the following averment: "The defendant, Carl W. Householder's corporation acted as agent or broker for Lockport Paperboard Corporation of Lockport, New York, in the acquisition of coal." The complaint further states that said Householder agreed orally to be personally liable for future coal shipments to Lockport and for Haworth's present obligations; being aware of Lockport's financial difficulties, appellant would ship no more coal there except upon Householder's personal credit.

Appellee has argued, and the lower court found that this action constitutes an oral promise to pay the debt of another, that is a suretyship contract, and is, therefore, unenforceable under the Statute of Frauds, 33 Pa.C.S.A. § 3. We disagree, although conditionally.

Initially, the court's Opinion takes notice of appellant's admission that the characterization of Householder as an

agent or broker of the disclosed principal is a mistake, and relies for its disposition of the case on *Montgomery v. Levy*, 406 Pa. 547, 177 A.2d 448 (1967), which holds that the agent of a disclosed principal is not liable for damages caused by breach of the contract of the principal, with certain exceptions. (Slip Opinion at 1.) One exception is the agent's specific agreement to assume liability. *Vernon D. Cox & Co., Inc., v. Giles*, 267 Pa.Super. 411, 406 A.2d 1107 (1979). The question which then remains is whether the agreement must be written, resolution of which in the instant case is yet to be reached.[1]

■ We begin our analysis by noting that the Statute of Frauds provision requiring a promise to pay the debt of another to be in writing is non-waivable. *Blumer v. Dorfman*, 447 Pa. 131, 289 A.2d 463 (1972). This affects the instant case in that the appropriate manner of raising the Statute depends upon its "waivability." Here, the proper procedure was followed by appellee's filing preliminary objections in the nature of a demurrer. *Id.* citing *Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1965). But, however proper the procedure, here as in *Blumer* the court's response was inappropriate since "judgment on the pleadings should be allowed only where the case is free from doubt and trial would be a fruitless exercise." *Id.*, 447 Pa. at 139, 289 A.2d 467. As *Blumer* also points out, "As with a demurrer all the opposing party's well pleaded facts must be accepted as true." *Id.* (citations omitted). The salient fact in this case is that appellee has been a 52% shareholder in, and president of, Haworth Energy Resources, Inc., since its inception in 1977. The record, through deposition, also reveals that the business is a closely held corporation with three shareholders, appellee, his son, and an S.N. Haworth, from whom presumably the company takes its name. There is no information as to the identity of the third

---

1. We note that although appellant's Preliminary Objections to this cause of action contains a request for a more specific complaint, there has been no denial that the agreement was in fact made.

person, or as to the number of shares held by Haworth or appellee's son, respectively.

Appellant cites *Eastern Wood Products Company v. Metz*, 370 Pa. 636, 89 A.2d 327 (1952), for the proposition that an agreement by the defendant, sole shareholder and principal officer of a company, promising to pay future and current obligations of his company to prevent involuntary bankruptcy proceedings from being filed against it by the plaintiff corporation and to insure future deliveries, was not a suretyship contract. It was found instead to be a contract for the benefit of the promisor and, therefore, an exception to the Statute of Frauds.

In response appellee cites *Acme Equipment Company v. Allegheny Steel Corporation*, 207 Pa.Super. 436, 217 A.2d 791 (1966), in which we held that the promise of the president of the defendant corporation, a 25% shareholder, was within the Statute and, therefore, void. The distinction was based on the difference in the amount of interest held by the promisors, 100% versus 25%, the latter proving insufficient to "establish that the promise was made by [the officer] for the main purpose of serving a pecuniary or business purpose of his own." *Id.*, 207 Pa.Super. at 439, 217 A.2d at 792. We feel that the amount of appellee Householder's financial interest in the Haworth Corporation, coupled with that of his son, requires the further elucidation of the circumstances in this case.

It is entirely possible that no exception to the Statute can be shown from evidence adduced at trial, but we hold, as did the Pennsylvania Supreme Court in *Blumer*, that the defense of the Statute, without more, should not have been made the basis for a judgment on the pleadings. *Id.*, 447 Pa. at 138, 289 A.2d 468. Accordingly, we reverse the Order of the lower court and remand for further proceedings consistent with this Opinion.[2]

2. It should be noted that this case would involve further proceedings even without our disposition, as appellee's demurrer to Count 1 of the complaint was denied by the trial court. Since we regard the counts of this complaint as representing separate causes of action, the defend-

ants differing in each, the general rule regarding the interlocutory nature of an order dismissing only some of a multi-count complaint, *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983), is inapplicable.