534 A.2d 1108

**DANKO DEVELOPMENT CORPORATION Successor to A. Nobile Enterprises Inc. A Corporation, Appellee,**

**v.**

**ECONOCAST CORPORATION A Corporation, Appellant.**

Superior Court of Pennsylvania.

Submitted July 13, 1987.

Filed Nov. 27, 1987.

John M. O'Connell, Jr., Greensburg, for appellant.

George A. Conti, Jr., Greensburg, for appellee.

Before CAVANAUGH, BECK and MONTGOMERY, JJ.

CAVANAUGH, Judge:

 A civil action was commenced by Danko Development Corporation, the appellee herein, against the appellant, Econocast Corporation, for breach of a written lease agreement. The landlord, the plaintiff below, sought possession of the demised premises, unpaid rent and other relief. The appellant filed New Matter and Counterclaim. The appellee filed preliminary objections to the New Matter and Counterclaim and the appellant filed an Amended New Matter and Counterclaim. Preliminary objections were filed to the Amended New Matter and Counterclaim and on February 7, 1987, the court below entered the following order from which an appeal has been taken to this court.[1]

AND NOW, this 9th day of February, 1987, the Preliminary Objection of the Plaintiff in the nature of a demurrer to the counterclaim of Defendant is granted, and the counterclaim insofar as it asserts a cause of action for breach of an implied warranty of habitability is dismissed; Defendant may, if it so desires, file an amended counterclaim asserting causes of action grounded upon negligence. Any amended counterclaim must be filed within twenty (20) [sic] of this date.

1. An order sustaining preliminary objections and dismissing a counterclaim is appealable if it puts the defendant out of court as far as the counterclaim is concerned even though the validity of the plaintiff's claim is still undetermined. *Zivitz v. Centennial Road Properties, Inc.,* 328 Pa.Super. 79, 476 A.2d 462 (1984).

The appellant filed a Second Amended New Matter and Counterclaim and added Counts IV and V alleging negligence.

In order to put our appellate review in focus, it is necessary to consider the three counts in detail. The three counts in the amended counterclaim are not precisely drawn, but basically the defendant's counterclaim is based on a commercial lease between the landlord (appellee) and the tenant (appellant) entered into on April 27, 1981. The landlord, according to the counterclaim, was to provide heating and air conditioning, but the tenant experienced serious heating and air conditioning problems. The tenant alleged that it entered into an addendum to the lease and the landlord assured and guaranteed to the tenant that the problems with the heating and air conditioning would be corrected and that a separate heating and air conditioning system would be provided for the tenant with a separate thermostatic control to be used only by the tenant. The tenant also contended that it was fraudulently induced to enter the addendum to the lease and that the landlord breached the lease by failing to supply proper heat and air conditioning and that the premises were therefore uninhabitable by the tenant. It also alleged that repetitive work was required by the tenant because of excessive heat, humidity and temperature variations on the premises. Count I also alleged that the premises were uninhabitable because the landlord failed to provide proper and adequate heating, air conditioning and security and failed to keep the premises clean. Count II alleged that the tenant expended large sums of money for improvements and furnishings on the demised premises. It further alleged that "Due to the actions of the Plaintiff, the Defendant may be required to find safe and adequate premises to which to remove its office and may, therefore, suffer the loss of the useful life of the above mentioned improvements and furnishings, and claim, therefore, for the remaining useful life of the same is made herein." Count III alleged, as it was alleged in Count I, that the employees had to do repetitive work because of equipment failure due to excessive heat, humidity and temp-

erature variations. It further alleged that the landlord did not provide adequate security and failed to keep the demised premises clean. Count III stated with respect to these allegations that "all are breaches of the lease by the Plaintiff and are actions which make the premises leased to the Defendant uninhabitable and untenantable." Count III also alleges that "the above mentioned breaches of contract by the defendant have made the premises unsafe and uninhabitable for the defendant."

We must initially determine whether the order of February 9, 1987 is appealable, considering the nature of the multi-count complaint before us. It is incumbent upon this court to consider the propriety of each appeal and the appealability of an order may be raised *sua sponte*. *Capanna v. Travelers Insurance Company*, 355 Pa.Super. 219, 513 A.2d 397 (1986). An appeal to this court must be quashed if it is from an interlocutory order unless a right to appeal is expressly granted by statute or rule of court. See Pa.R.A.P. 311, 1311; *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977).

Generally, an order is not final unless it puts the litigant out of court. We have variously defined a final order as one which ends the litigation or alternatively disposes of the entire case. *Piltzer v. Independence Federal Savings & Loan Association*, 456 Pa. 402, 319 A.2d 677 (1974); *Bagshaw v. Vickers*, 286 Pa.Super. 246, 428 A.2d 664 (1981); *Parker v. MacDonald*, 344 Pa.Super. 552, 496 A.2d 1244 (1986). The salutary reason for this is to preclude piecemeal appeals to this court and the consequent protraction of litigation. *Stevenson v. General Motors Corp.*, 513 Pa. 411, 521 A.2d 413 (1987); *Beers v. Raub*, 363 Pa.Super. 521, 526 A.2d 801 (1987). Where there are multi-count complaints and the court dismisses some of of the counts, but not all, an appeal from the dismissal of some of the counts is interlocutory as the plaintiff is not out of court and the suit continues. *Esh v. Awglis*, 291 Pa.Super. 528, 436 A.2d 242 (1981). See also *Stengena v. Madden*, 291 Pa.Super. 364, 435 A.2d 1269 (1981) where preliminary

objections as to second and fourth counts of a complaint were sustained, but the action continued as to counts one and three. We held the order was interlocutory and not appealable relying on *Bagshaw v. Vickers, supra.* Counts one and three were based on negligence and counts two and four sought punitive damages. The general rule is that "an order dismissing less than all counts of a multi-count complaint is interlocutory ..." *Gasper v. Gasper,* 288 Pa.Super. 478, 483, 432 A.2d 613, 615 (1981). To the same effect see *Bracken v. Bracken,* 294 Pa.Super. 371, 439 A.2d 1247 (1982).

An example of our unwillingness to accept piecemeal appeals is found in *Evans v. Government Employees Insurance Company,* 291 Pa.Super. 342, 435 A.2d 1258 (1981). In that case we quashed an appeal from an order sustaining preliminary objections and dismissing the second and third counts of a three count complaint. The first count was in assumpsit and sought payments allegedly due under a no-fault motor vehicle insurance policy. The second and third counts were in trespass and alleged that appellee's failure to pay was a wilful, wanton and malicious breach of contract done with the intent to harass and frustrate the appellant. The complaint set forth separate causes of action, but we determined the appeal was clearly interlocutory.

It has long been recognized that in ascertaining whether an order is final we must look beyond the technical effect of the adjudication to its practical ramifications. *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975). While we must review the record to determine the practical effect of an order, prior to this court's decision in *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983) which we will discuss hereafter, we were disposed to find any order which dismissed some counts of a complaint, but allowed the action to continue, to be interlocutory. This served very well to carry out the policy against piecemeal appeals to this court. See *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978). The case of *Kaiser v. Meinzer,* 272

Pa.Super. 207, 414 A.2d 1080 (1979) involved a complicated action dealing with various defendants. The complaint contained three counts. The first count alleged a conspiracy between a company and a bank. The second count was against a bank and a title company seeking payment of an escrow fund. The third count alleged default on a promissory note. The court below in effect terminated the plaintiff's claim as to count three and the plaintiff appealed. We quashed the appeal on the basis that the order appealed from was interlocutory stating at 272 Pa.Super. 218, 414 A.2d 1086:

> *If [plaintiff's] action on the promissory note was the only claim for recovery that had been pleaded,* we would have no problem in concluding that Judge Greenberg's decision on that claim was final as it put Kaiser out of court and precluded its recovery on the note. *However, Kaiser's action on the promissory note was only one phase of the entire proceedings against the defendants.* Moreover, to characterize the May 15 order as "final" and permit an immediate appeal would permit the type of severance and piecemeal resolution of issues that has heretofore been condemned. (Emphasis added.)

In *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983) (Cavanaugh, J. concurring), we again recognized the general rule that an order dismissing some, but not all counts, of a multi-count complaint is interlocutory and not appealable. We added at 313 Pa.Super. 338, 459 A.2d 1258–59:

> However, the general rule is not without exceptions. Certain orders which have not put a litigant literally "out of court" or completely terminated the litigation have nevertheless been held to possess sufficient aspects of finality to be appealable immediately because the effect of the order has been to preclude the litigant from asserting the cause of action alleged.

This court concluded that where separate causes of action have been joined, the entry of a summary judgment as to one cause of action is appealable. In *Praisner, supra,* a

trespass action was brought alleging in three counts causes of action for false arrest, malicious abuse of process and assault and battery. Summary judgment was entered in favor of the defendant on the counts alleging false arrest and malicious abuse of process. The plaintiff appealed and we determined that the judgment was final and held "that where, as here, a formal judgment has been entered in a separate cause of action, that judgment is appealable. Decisions of this court which have reached a contrary result are overruled." 313 Pa.Super. 343, 459 A.2d 1261.

We have difficulty in reconciling *Praisner v. Stocker,* supra, and *Waddell v. Trostel,* 336 Pa.Super. 527, 485 A.2d 1208 (1984). *Waddell* involved a complaint containing three counts: (1) a complaint for specific performance (2) a petition for involuntary dissolution of a corporation and (3) an action in assumpsit. The court sustained defendant's demurrers to all three counts, and allowed the plaintiff to amend her count in assumpsit. Although appellant was out of court as to the complaint for specific performance and petition for involuntary dissolution of a corporation, she was allowed to amend her complaint in assumpsit. We held the order appealed from to be interlocutory and quashed the appeal. It seems clear that appellant was out of court on the two separate causes of action dealing with specific performance and petition for involuntary dissolution of a corporation, but we quashed the appeal, stating at 336 Pa.Super. 529, 485 A.2d 1209: "It is settled law that an appeal will lie only from a final order unless otherwise permitted by statute; a final order is one which ends the litigation or disposes of the entire case. *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983)."

The decision in *Praisner, supra,* formed a basis for this court's decision in *Cloverleaf Development v. Horizon Financial F.A.* 347 Pa.Super. 75, 500 A.2d 163 (1985). That case involved an appeal from preliminary objections in the nature of a demurrer sustaining 5 of 6 counts of a complaint. The first count alleging breach of contract was not dismissed. However, the counts alleging intentional inter-

ference with prospective contractual relations were dismissed. The court stated the general rule that an order dismissing some counts of a multi-count complaint is interlocutory and stated the exception as put forth in *Cloverleaf Development, supra,* 347 Pa.Super. at 81, 500 A.2d at 166–67:

However, the general rule is not without exceptions. Where the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the *merits of separate and distinct causes of action, the order sustaining preliminary objections is then final, not interlocutory, with respect to those causes of action dismissed.* The plaintiff is "out of court" with respect thereto. *Id.,* 313 Pa.Superior Ct. at 339, 459 A.2d at 1258–1259. *This is to be distinguished from the situation in which separate counts have been used to state alternate theories to support recovery on the same cause of action. In such cases, the dismissal of one count does not prevent the plaintiff from proceeding to a determination of the underlying cause of action.* (Emphasis added.)[2]

The cases in this court disclose that while we recognize the general law concerning multi-count complaints, we focus our attention on the nature of the counts to determine if they set forth separate causes of action,[3] rather than alternate theories dealing with one cause of action. In practice, this can be most difficult as various counts in a complaint are often overlapping and frequently subsequent counts incorporate by reference what is set forth in a prior count. The case of *Capanna v. Travelers Insurance Company,*

**2.** We recently acknowledged the general law in Pennsylvania in *Winterhalter v. West Penn Power Company,* 355 Pa.Super. 17, 21, 512 A.2d 1187, 1189 (1986), footnote 3.

 3. Appellee contends that this appeal is interlocutory since an order which dismisses some but not all counts of a multicount complaint is not a final order and hence is not appealable. *Appellee correctly states the law in this Commonwealth.* (Emphasis added.)

**3.** "A cause of action is the fact or facts which establish or give rise to a right of action the existence of which affords a party a right to judicial relief." Standard Pa. Practice, 2nd § 6:1, page 5.

*supra,* involved a complaint in assumpsit setting forth three counts. The first count sought basic loss benefits in the nature of work loss benefits, medical expenses, and funeral expenses on behalf of the estate of the appellant's decedent. The second count similarly sought work loss benefits, medical expenses and funeral expenses, alternatively on behalf of the appellant as a "survivor". The third count sought "survivor's loss" benefits, on the appellant's own behalf. The trial court granted a motion for judgment on the pleadings as to the third count. We found the order appealed from not to be interlocutory as claims for work loss benefits and survivor's loss benefits are discrete causes of action.

In some cases it is difficult to discern whether the various counts set forth separate causes of action or are merely alternative theories of recovery. An example of this is found in *General Machine Corporation v. Feldman,* 352 Pa.Super. 180, 507 A.2d 831 (1986). To illustrate the problem, we will quote at length from the court's opinion at 352 Pa.Super. 183–4, 507 A.2d 832, 833:

> In Count I of the complaint, appellant General alleged that appellees had breached their contract to represent General in certain litigation in federal court. Count II of the complaint incorporated by reference the facts averred in Count I, and demanded damages for appellees' allegedly tortious conduct as established by the facts in Count I. In Count III of the complaint, appellant Reliance claimed that appellees had breached their contract to represent Reliance in certain other federal court litigation. Count IV incorporated by reference the facts averred in Count III, and demanded damages for appellees' tortious conduct as established by the facts in Count III. In Count V, appellant General sought damages for appellees' conversion of certain documents belonging to General. Finally, in Count VI, appellant Perelman sought damages from appellees for assault and for the robbery of documents and services.

In response to the complaint, appellees filed preliminary objections which included demurrers to Counts II, IV, and VI. The trial court sustained the demurrers to these counts by an order of March 6, 1985. Appellants now contend that the lower court erred in dismissing Counts II and IV of their complaint since these counts stated a cause of action for tortious conduct. . . .

In the first instance, it should be noted that this Court lacks the jurisdiction to address appellant's first claim based on this Court's decision in the *Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983) (en banc). According to the *Praisner* court, when separate counts of a multi-count complaint have been used to state alternative theories of recovery on the same cause of action, an order dismissing or entering judgment on one or more but not all counts of the complaint is interlocutory, since plaintiff still can proceed to a determination on the underlying cause of action.

In the instant case, we note that Counts I and II and Counts III and IV, respectively, state alternative theories of recovery for appellees' alleged attorney malpractice action; Counts I and III having for their basis a breach of contract claim, and Counts II and IV having for their basis a tortious misconduct claim. Since Counts II and IV of appellants' complaint are still viable, we therefore conclude that the appeal taken pursuant to the order dismissing Counts II and IV of appellants' complaint is interlocutory and unappealable.

We note that although Counts II and IV were dismissed, the court found that they were still viable. The dismissed Counts II and IV had as a basis a tortious misconduct claim, and Counts I and III which were not dismissed were based on contract. Nevertheless, the court found that the counts merely stated alternative theories of recovery for malpractice.

From the above discussion, it appears that this court has great difficulty in determining whether separate causes of action are set forth, as distinguished from alternate theo-

ries of the same cause of action, particularly in the pleading stage. Perhaps it is time to re-examine *Praisner v. Stocker, supra,* in order to develop a rule that will lead to greater predictability of result where appeals are taken while the underlying action continues in the court below.[4]

It is obvious that the separate cause of action test may result in piecemeal appeals to this court which we previously sought to avoid. For example, in *Post v. Mendel* 336 Pa.Super. 467, 485 A.2d 1176 (1984) a two count complaint was brought by one lawyer against another lawyer. One count was based on slander and one on libel. Preliminary objections in the nature of a demurrer were filed to both counts. The court below granted the preliminary objection as to the libel count (Count I) and denied the preliminary objections as to Count II for slander. The court allowed the plaintiff an opportunity to amend Count II. The plaintiff appealed to this court and we quashed the appeal from the dismissal of Count II as interlocutory, but granted the appeal as to Count I. We held that the two counts constituting the complaint in trespass were not theories in support of defamation arising out of the same transaction since the libel count referred to letters allegedly defaming the plaintiff, and the slander count covered statements supposedly made to other individuals. With respect to the slander count, the order did not end the litigation.[5]

Under the present law, we still acknowledge the rule that dismissal of some, but not all, of the counts of a multi-count complaint is a non-appealable order, but the rule is a mere shadow of what it once had been. The current law appears to be as stated by Judge Wieand in *Morrow v. Bell Telephone Company of Pennsylvania,* 330 Pa.Super. 276, 283, 479 A.2d 548, 552 (1984):

4. The Supreme Court has neither reviewed nor cited *Praisner v. Stocker, supra,* in any decision.

5. The Supreme Court in *Post v. Mendel,* 510 Pa. 213, 507 A.2d 351 (1986) reversed our decision but not on the issue of the appealability of the order. The Supreme Court reversed and remanded for new trial on the issue of the privilege attaching to extra judicial communications.

Appellant's averments stated at least three, possibly four, causes of action. *An order dismissing one or more of these separate causes of action, therefore, was appealable.* Praisner v. Stocker, 313 Pa.Super. 332, 459 A.2d 1255 (1983). (Emphasis added.)

The test under *Praisner, supra* is that if separate and distinct causes of action are set forth, in separate counts, an order dismissing any count is appealable. See *Grant R. Wright, Inc. v. Haworth Energy Resources, Inc.,* 337 Pa. Super. 115, 486 A.2d 507, footnote 2, (1984); *Black v. Board of Directors of West Chester Area School District,* 98 Pa.Cmwlth. 91, 510 A.2d 912 (1986).

█ In the instant case, the appellant filed a second Amended New Matter and Counterclaim setting forth Counts IV and V which alleged negligence, as well as the first three Counts which we have discussed above. In determining if the order of February 9, 1986 is appealable, we must examine the complaint and determine not merely if the appellant as a litigant is out of court as to all counts, but whether it is out of court as to a separate cause of action, notwithstanding that other distinct causes of action remain before the court. The order places the appellant out of court as to Counts I, II and III only to the extent that the counterclaim "asserts a cause of action for breach of an implied warranty of habitability." Nowhere in Counts I, II and III does the appellant claim a breach of such an implied warranty. The counts claim breach of contract as well as misrepresentation. The three counts do not set up separate causes of action, but all are based upon the underlying lease. While the counts overlap and are not distinct, we are convinced that the appellant is not out of court as to any cause of action alleged, and that accordingly the order appealed from is interlocutory. Under the general rule that an order dismissing some of the counts on a multi-count complaint, the order is clearly interlocutory. Applying *Praisner, supra,* as interpreted in *Cloverleaf Development v. Horizon Financial F.A., supra,* we find that Counts I, II and III set forth alternate theories to recover for breach of

contract and dismissal of a claim based on implied warranty of habitability is merely dismissal of one theory relating to breach of contract. The counts remain intact, since there was no expressed cause of action based on breach of implied warranty. Accordingly, the order appealed from is interlocutory and should be quashed.

Appeal quashed. Jurisdiction is relinquished.