579 A.2d 974

**Donna GATTEN, Appellant,**

v.

**Allen MERZI.**

Superior Court of Pennsylvania.

Argued Jan. 25, 1990.

Filed Sept. 5, 1990.

Robert Beckwith, Pittsburgh, for appellant.

John A. Bass, Pittsburgh, for appellee.

Before CAVANAUGH, TAMILIA and HESTER, JJ.

PER CURIAM:

Donna Gatten appeals from the order entered in the Court of Common Pleas of Washington County on June 9, 1989, which sustained Allen Merzi's preliminary objections to a single count of her multi-count complaint. For the reasons set forth below, we affirm.

The facts may be summarized as follows. On July 15, 1987, after appellee performed an unsuccessful surgical procedure designed to facilitate weight loss, appellant initiated the present action by writ of summons. One year later, asserting negligence, lack of informed consent, fraud, breach of warranty, and violations of the Unfair Trade Practices and Consumer Protection Law ("Act"), 73 P.S. § 201-1 *et seq.*, she filed a complaint. After appellee responded with preliminary objections, appellant filed an amended complaint, which set forth the same five counts. Subsequently, alleging that appellant had failed to assert any factual or legal basis for the applicability of the Act, appellee filed preliminary objections in the nature of a demurrer as to that count. On June 9, 1989, following argument on the matter, the trial court sustained appellee's objection and dismissed the count in question. This timely appeal followed.

■ Initially, we note that it long has been clear that we have an obligation to consider the propriety of each appeal, that such consideration may be made sua sponte, and in the absence of a specific statutory provision to the contrary, that an appeal determined to be interlocutory must be quashed. *Danko Development Corp. v. Econocast Corp.*, 369 Pa.Super. 120, 534 A.2d 1108 (1987). With these principles in mind, we sua sponte address the question of the propriety of the present appeal.

In *Danko Development Corp., supra,* we considered whether an order sustaining preliminary objections but dismissing less than all counts of a multi-count complaint was interlocutory and, therefore, properly appealable. After noting the general rule that such orders are not appealable, *Cloverleaf Development v. Horizon Financial F.A.,* 347 Pa.Super. 75, 500 A.2d 163 (1985), we stated:

> However, the general rule is not without exceptions. Where the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing *the merits of separate and distinct causes of action, the order sustaining preliminary objections is then final, not interlocutory with respect to the causes of action dismissed.* The plaintiff is "out of court" with respect thereto. *Id.* [*Praisner v. Stocker*], 313 Pa.Superior Ct. [332] at 339, 459 A.2d [1255] at 1258–1259 [1983]. *This is to be distinguished from the situation in which separate counts have been used to state alternate theories to support recovery on the same cause of action. In such cases, the dismissal of one count does not prevent the plaintiff from proceeding to a determination of the underlying cause of action.* (Emphasis added).

*Id.,* 369 Pa.Super. at 128, 534 A.2d at 1112 (footnote omitted). In addition, we indicated that in determining whether the various counts contained in a multi-count complaint set forth separate causes of action, we must focus upon their nature. *Id.*

In the present case, appellant filed an amended complaint that contained claims relating to negligence, lack of informed consent, breach of warranty, fraud, and violations of the Act. However, in accordance with preliminary objections filed by appellee, the trial court entered an order dismissing the final one. Since the dismissed count set forth a cause of action that was based upon statutory law, it was separate and distinct from the four that remained. *See Hardy v. Pennock Insurance Agency,* 365 Pa.Super. 206, 529 A.2d 471 (1987). Consequently, the instant appeal,

which was filed from the court's order, is properly before us.

■ We now address the merits. Appellant asserts that the trial court's decision to dismiss the count alleging violations of the Act was erroneous. This issue is without merit.

We note preliminarily that the standard for reviewing the propriety of an order sustaining preliminary objections in the nature of a demurrer is well-established.

On appeal from an order sustaining preliminary objections in the nature of demurrers, this Court is concerned only with determining the legal sufficiency of appellant's complaint. *Schott v. Westinghouse Electric Corporation,* 436 Pa. 279, 259 A.2d 443 (1969). We must confine our analysis to the complaint and decide whether sufficient facts have been pleaded which would permit recovery if ultimately proven. *Id.; D'Antona v. Hampton Grinding Wheel,* 225 Pa.Super. 120, 310 A.2d 307 (1973).

*Gordon v. Lancaster Osteopathic Hospital Assn.,* 340 Pa. Super. 253, 260, 489 A.2d 1364, 1368 (1985). Instantly, there is no contention that the facts asserted in the complaint, which relate to alleged misrepresentations regarding the operation's approval, standards, and possible results, would be insufficient to support recovery if the Act were found to be applicable. Therefore, the determination of the propriety of the trial court's decision depends upon whether the terms of the Act apply to the instant case.

According to the Act, unfair methods of competition and deceptive practices in the conduct of any trade or commerce are unlawful. 73 P.S. § 201-3. The phrase "trade or commerce" includes the sale of services. 73 P.S. § 201-2(3). Among the practices condemned by the Act are various misrepresentations as well as other fraudulent conduct that creates a likelihood of confusion or misunderstanding. 73 P.S. § 201-2(4). However, even though the Act does not exclude services performed by physicians, it is clear that the Act is intended to prohibit unlawful practices relating to trade or commerce and of the type associated

with business enterprises. It equally is clear that the legislature did not intend the Act to apply to physicians rendering medical services.

A reading of appellant's complaint demonstrates that appellant is premising her cause of action under the Act on statements made to her about her course of treatment and the probable results of that treatment. To impose the liability provided for by the Act to such statements would have the effect of making a physician the absolute guarantor of both his treatment and the anticipated results even in the absence of a specific contract warranting those results. Thus, each time a physician, *without fault*, performs an unsuccessful operation, he could face liability under the Act for preoperative statements about its anticipated outcome. Such an interpretation, which is inconsistent with our precedent regarding liability of physicians in performance of their medical services, would be absurd.

Under our law, the liability of a physician is premised upon either fault, lack of informed consent, or a specific contract warranting certain results. There is no indication that the Act was intended to create a cause of action for every statement made by a physician regarding a patient's condition, the likelihood for success of a given procedure, or the recommended course of treatment. Such an interpretation of the Act would make physicians the guarantors of their fault-free work. This is absurd. It is clear that the legislature, in passing the Act, did not intend to disturb existing common and statutory law regarding when liability for the rendition of medical services attaches to a physician. Since it is presumed that the legislature does not intend its enactments to lead to an absurdity, *see* 1 Pa.C.S. § 1922(1), we conclude that the trial court correctly dismissed the count of appellant's complaint which premised a cause of action on the Act.

Order affirmed.