SPICER, P.J.,
On May 31, 1990, the Honorable John D. Kuhn dismissed preliminary objections to that part of plaintiffs’ complaint based on The Unfair Trade Practices and *626 Consumer Protection Law, 73 P.S. §201-1. In his opinion Judge Kuhn said, “Sellers argue that they are not engaged in trade or commerce which would bring them within the protection of the act.”* (Opinion at 10.) Citing authority, Judge Kuhn held that real estate sales are subject to the act.
Notwithstanding this decision, defendants Charles and Sharnette Cole Jr. now move for summary judgment. Trying to avoid the consequences of the earlier ruling, they advance a new theory. Conceding, as they must, that the sale of a building lot falls within statutory coverage, the Coles argue that private, non-commercial sales are excluded. They cite Gatten v. Merzi, 379 Pa. Super. 148, 579 A.2d 974 (1990), to support their position that the UTPCPL is only meant “to prohibit unlawful practices relating to trade or commerce and of the type associated with business enterprises.” The record would seem to support the position that this sale was an isolated transaction and the Coles were not associated with a business enterprise relating to the sale of realty.
The undersigned’s assumption of responsibility for summary judgment was dictated by administrative reasons and press of time. We will accept the Coles’ assertion that their present attack has not previously been rejected despite language we quoted from Judge Kuhn’s opinion. The issue is not merely a matter of semantics. A great deal of our consumer protection law, such as products liability, excludes casual sellers. Nevertheless, because we can find no justification for distinguishing between private and business sales, we refuse the motion for summary judgment.
*627 We say this despite Superior Court’s decision in Gatten v. Merzi, supra. The court premised its holding, that the act does not apply to treatment of patients by physicians, on several things. We have previously quoted that part of the opinion which lends support to Coles’ position that business enterprises, not infrequent sales by those not in the business, were the legislative target. However, there is nothing in the act which distinguishes between sales in the course of business and otherwise. The main thrust of Superior Court’s opinion, as we read it, is that it would be absurd to interpret the UTPCPL as changing the fundamental law of physicians’ liability. The court declined to equate an expression of medical opinion with misrepresentation. Unsuccessful treatment is not a breach of warranty. Professional negligence will still be required.
The situation at bar is hardly analogous. There is hardly comparable danger that a jury might disregard the need for proof of a misrepresentation simply because of the ultimate condition of a lot conveyed. We deal in everyday facts, not those which only experts might fully understand.
We must agree with plaintiffs that cases in other jurisdictions are based on statutory language. Some states specifically exclude sales such as the one with which we are now involved. Pennsylvania does not. The purpose of the act has been stated as balancing bargaining positions of buyers with those of sellers. Gabriel v. O’Hara, 368 Pa. Super. 383, 534 A.2d. 488 (1987). Although the act is sui generis, it passes on a variety of actions, such as fraud, breach of warranty and the like. Id. If consumer protection is the goal, one consumer should be as important as the next. It would matter little to the individual customer whether he or she had been wronged by *628 another individual or a giant corporation. Were, however, the purpose to redress economic imbalances, transfer risk of loss or to spread the wealth, more attention must be devoted to the situation.
There is no indication that the legislature intended an inquiry into the commercial habits of defendants. Gatten v. Merzi, supra, involved a much more complex issue than telling someone a lot will qualify for on-lot sewage disposal. We can understand Superior Court’s concern for the potential for abuse in holding every medical opinion actionable if followed by unsuccessful treatment. If the potential extends further, it is for the legislature, or an appellate court, to place limits. The job of a trial court is to read statutes the way they are written.
ORDER OF COURT
And now, January 3, 1991, the motion for summary judgment is denied.

 “Them” obviously refers to plaintiffs, who were actually buyers.