J-A29033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: VIRGINIA H. CHOCK, AN INDIVIDUAL | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: VIRGINIA H. CHOCK | : : : : : : : | |
| | : | No. 211 WDA 2021 |

Appeal from the Order Entered January 7, 2021
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): 02-18-0469

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: January 11, 2022**

Virginia H. Chock (Chock) appeals from the order entered in the Court of Common Pleas of Allegheny County (orphans' court). She argues that the orphans' court abused its discretion in denying her request for a citation to compel her former agent to provide an accounting.[1] After our careful review, we quash.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On December 13, 2020, Roxane C. Simon (Roxane) and Kenwyn L. Chock (Kenwyn) filed an Application to Dismiss and a Motion to Quash this appeal. On December 14, 2020, the administrator of Chock's estate filed an Application to Approve Substitution of Party. We deny the Application to Dismiss and Motion to Quash and grant the Application to Approve Substitution of Party.

Because of our disposition, we provide only the following limited facts and procedural history that we take from our independent review of the record and the orphans' court's January 7, 2021[2] and April 13, 2021 opinions.

**I.**

On January 23, 2018, Chock commenced this litigation by filing a Petition to Compel Agent to Account and for Transfer of Real Estate (Petition) in which she requested that the orphans' court issue: (1) a citation to Roxane compelling her to file an account for her tenure as agent under power of attorney (POA) for Chock; and (2) a citation to Kenwyn to show cause why the deed transferring title to 420 Maplevale Drive, Pittsburgh, PA 15236 (the Real Property) from Chock to Kenwyn should not be rescinded and title returned to Chock. On October 1, 2020, the orphans' court held a hearing on the Petition at which the following facts were established.

Chock is approximately 93 years old and has six daughters, including Roxane, Kenwyn and Darryl Jackson (Darryl). She cannot reside alone because she needs assistance with her daily needs and currently lives with Darryl in Michigan. On September 25, 2007, Chock transferred the Real Property from her sole name into both her and Kenwyn's names. On December 22, 2014, a deed transferring the Real Property to Kenwyn was

---

[2] The orphans' court's opinion and order were dated January 6, 2021, and filed on January 7, 2021. This Court will use the date of filing.

executed for medical assistance planning only, *i.e.*, so that Chock would not have significant assets in her name. Kenwyn retired in April 2016 and she and Chock moved to a home that Kenwyn had purchased in Arizona. In April 2017, Darryl brought Chock back to Pittsburgh for a visit, refused to return her to Arizona and has denied Kenwyn any contact with Chock since then.

Roxane was the Agent under the POA for Chock's Schwab account. The POA gave Roxane authority to make trades and withdrawals, including writing checks to herself. The court found that all funds withdrawn from the Schwab account were used for the benefit of Chock. The only six checks written on the account were signed by Chock and extensive documentation and receipts evidenced the expenses Roxanne paid on her behalf.

The last time Roxane saw Chock was in April 2017 because Darryl prohibited Roxane from having any contact with her. In mid-June 2017, Roxanne was removed as the agent under the POA.

On January 7, 2021, the orphans' court filed an opinion and order finding, in pertinent part, that Roxane's

> testimony [was] entirely credible, especially accompanied by her extensive documentation and receipts for expenses, the [c]ourt simply found it unnecessary to require that Roxane do a formal accounting. The informal accounting she provided was wholly sufficient to enable the [c]ourt to find that she did not misappropriate any money belonging to [] Chock.

(Orphans' Court Opinion, 4/13/21, at 2-3). The order dismissed the Petition with prejudice. (**See** Orphans' Court Opinion and Order, 1/07/21, at 6).

- 3 -

On January 10, 2021, Chock filed a motion for reconsideration. On January 12, 2021, the orphans' court entered an order granting reconsideration of the order in part, vacating that part of it pertaining to rescinding the transfer of Real Property until further order of court. The court denied the motion for reconsideration of that part of the order dismissing the Petition's request for a citation compelling Roxane to account for her actions as POA. (*See* Order, 1/12/21). On January 19, 2021, the court scheduled a February 19, 2021 hearing limited to the real estate issue.

Meanwhile, on February 4, 2021, Chock filed a notice of appeal from "that portion of the January 6, 2021 order … which denied her petition requesting an account by her former agent[.]" (Notice of Appeal, 2/04/21). On March 2, 2021, Chock filed a civil docketing statement in which she represented that the orphans' court held a hearing on the Real Property issue on February 19, 2021, but had not yet issued a decision. (*See* Civil Docketing Statement, 3/02/21, at Attachment). This Court issued a rule to show cause on April 27, 2021, directing Chock to show cause why the January 7, 2021 order was final and appealable. After receiving Chock's May 7, 2021 response, we discharged the rule to show cause, directing Chock to be prepared to address the finality issue with the merits panel in her brief or at argument.

## II.

Before we turn to the merits of this appeal, we must determine if it is properly before us because this implicates our jurisdiction.[3] **See EMC Mortg., LLC v. Biddle**, 114 A.3d 1057, 1061 (Pa. Super. 2015) ("We address this issue first because the appealability of an order directly implicates the jurisdiction of the court asked to review the order.") (citation omitted).

Chock did not address the appealability of the January 7, 2021 order in her brief. However, in response to this Court's rule to show cause, she argued that the order was final pursuant to Rule 341 because all parties to the controversy were involved and the litigation was finally decided when reconsideration was denied as to the accounting issue now on appeal. (**See** Response to Rule to Show Cause, 5/07/21, at 6-8). She further maintained that the appeal could be taken as of right pursuant to Rule 342(a)(5) and (6) because it determined Roxane's fiduciary status in her estate and denied Chock's right to seek information about Roxane's handling of the estate's money. (**See id.** at 8-9).

Roxane and Kenwyn maintain that the January 7, 2021 order was not a final appealable order pursuant to Rule 341 because it did not dispose of all claims and parties since the orphans' court granted reconsideration of a

---

[3] "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review plenary." **Interest of J.M.**, 219 A.3d 645, 650 (Pa. Super. 2019) (citation omitted).

portion of the order, and this was still being litigated at the time the appeal was filed. (**See** Roxane and Kenwyn's Brief, at 1-4). They also contend that it is not appealable as of right pursuant to Rule 342 because the legislature did not include an order denying a principal's request for an accounting by their former POA agent in the list of appealable orders, and the January 7, 2021 order did not determine any interests in real or personal property. (**See** **id.** at 4-7).

## A.

"In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." **EMC Mortg., LLC**, **supra** at 1061 (citation omitted). "To constitute a final order, the order appealed from must have disposed of all claims and all parties, have been defined as final by statute, or have been certified as final by the trial court." **Id.** (citations omitted); **see also** Pa.R.A.P. 341(b). "We have variously defined a final order as one which ends the litigation or alternatively disposes of the entire case. The salutary reason for this is to preclude piecemeal appeals to this court and the consequent protraction of litigation." **Danko Dev. Corp. v. Econonocast Corp.**, 534 A.2d 1108, 1110 (Pa. Super. 1987) (citations omitted). "Where there are multi-count complaints and the court dismisses some of the counts, but not all, an appeal from the dismissal

of some of the counts is interlocutory as the plaintiff is not out of court and the suit continues." *Id.* (citations omitted).

Instantly, even assuming *arguendo* that the January 7, 2021 order dismissing the Petition did initially decide all outstanding issues as to all parties, Chock filed a timely motion for reconsideration that the court granted in part and denied in part, vacating the order as to the real estate issue pending further review and ultimately scheduling a February 19, 2021 hearing.[4] Thus, the January 7, 2021 order is not final and appealable because, as of the date the notice of appeal was filed, the parties were not out of court and all claims had not been decided. **See EMC Mortg., LLC**, **supra** at 1061; **Danko Dev. Corp.**, **supra** at 1110; Pa.R.A.P. 341(b).[5]

Moreover, although not raised by the parties, subparagraph (b)(3) of Rule 1701, which "is intended to address the troublesome question of the effect of an application for reconsideration on the appeal process," Pa.R.A.P. 1701(b)(3), *Note*, supports this finding. Rule 1701 provides, in pertinent part, that:

---

[4] Perhaps in recognition that the property issue remained outstanding, Chock appealed only "from that portion of the January [7], 2021 order … which denied her petition requesting an account by her former agent[.]" (Notice of Appeal, 2/05/21, at 1). However, such piecemeal litigation is not permitted by this Court; instead, all issues must be finally decided as to all parties before an order is rendered final. **See Danko Dev. Corp.**, **supra** at 1110.

[5] Chock did not request that the orphans' court certify the January 7, 2021 order as final. **EMC Mortg., LLC**, **supra** at 1061; Pa.R.A.P. 341(b), (c).

- 7 -

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal … thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a *praecipe* with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration[.]

Pa.R.A.P. 1701(b)(3).

As conceded by Chock in her civil docketing statement, litigation in this matter continued beyond January 7, 2021, because the court granted her motion for reconsideration as to the real estate issue and, therefore, as of the date of filing the notice of appeal, a final order disposing of that claim had not been entered. (**See** Civil Docketing Statement, 3/02/21, at Attachment). However, despite the pending litigation on the granted reconsideration motion, Chock thereafter improperly filed a notice of appeal, which should have been stricken. **See** Pa.R.A.P. 1701(b)(3).

In her response to the rule to show cause, Chock maintains that a copy of a May 5, 2021 orphans' court order evidences that the court decided the real estate issue by denying the motion for reconsideration, and, therefore, the court's decision is final. (**See** Response to Rule to Show Cause, 5/07/21, at 4). However, based on the record that has been provided to this Court, it is not clear if the order is a final determination of the January 10, 2021 motion for reconsideration or another, unrelated motion for reconsideration filed in the ongoing litigation.

In any event, pursuant to Rule 1701(b)(3), the proper procedure would have been for Chock to file her notice of appeal after the motion for reconsideration is finally decided, not while litigation remained pending. For all these reasons, the January 7, 2021 order was not a final order at the time Chock filed her notice of appeal. **See also EMC Mortg., LLC**, **supra** at 1061; **Danko Dev. Corp. v. Econonocast Corp.**, 534 A.2d 1108, 1110; Pa.R.A.P. 341(b), 1701(b)(3).[6]

## B.

Chock also argues that the January 7, 2021 order was appealable as of right pursuant to Rule 342(a)(5) and (6).[7]

"In order to facilitate orderly administration of estates, trusts and guardianships, the 2011 amendments [to Rule 342] list certain orders that

---

[6] Chock's reliance on **In re Estate of Nadzam, Deceased**, 203 A.3d 215 (Pa. Super. 2019), is misplaced. (**See** Response to Rule to Show Cause, at 5). Although the court found that the dismissal of a petition seeking an accounting in an estate administration case was a final order, **Nadzam** is distinguishable. Here, the relevant procedural fact for our finding that the January 7, 2021 order was not final was that the orphans' court granted a motion for reconsideration, which was still pending at the time of the appeal and, thus, not all issues had been finally litigated. In **Nadzam**, no reconsideration order was filed so the Court did not take such a fact into consideration when making its finding. We do not find **Nadzam** persuasive under the circumstances of this case.

[7] While we provide a brief review of this argument, we note that pursuant to Rule 1701(b)(3), the time for filing a notice of appeal would be after the motion for reconsideration is finally decided regardless of which theory Chock advances.

will be immediately appealable without any requirement that the Orphans' Court make a determination of finality." Pa.R.A.P. 342, *Note*. Rule 342(a)(5) and (a)(6) provide that an appeal may be taken as of right from an orphans' court order "determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship" or "determining an interest in real or personal property[.]" Pa.R.A.P. 342(a)(5), (6).

Contrary to Chock's claim that Section (a)(5) did not define what "determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship" means, the *Note* to the Rule expressly states:

> Subdivision (a)(5) is intended to clarify prior Rule 342 in several respects: First, an appealable Orphans' Court order concerning the status of individuals or entities means an order determining if an individual or entity is a fiduciary, beneficiary or creditor, such as an order determining if the alleged creditor has a valid claim against the estate. Second, such orders include orders pertaining to trusts and guardianships as well as estates. Finally, this subdivision resolves a conflict in prior appellate court decisions by stating definitively that an order removing or refusing to remove a fiduciary is an immediately appealable order.

Pa.R.A.P. 342, *Note*.

Instantly, the January 7, 2021 order did not determine whether Roxane was "a fiduciary, beneficiary or creditor" with "a valid claim against the estate." Nor did the order "remove or refuse to remove" her as a fiduciary, particularly since she had not had POA status since her removal in 2017. Hence, it was not an appealable orphans' court order contemplated by Rule 342(a)(5).

Additionally, the plain language of the order reflects that it did not determine Chock or Roxane's interest in real or personal property. It merely denied Chock's request that the orphans' court order Roxane to provide a formal accounting. Accordingly, the order was not appealable pursuant to Rule 342(a)(6).[8]

For all these reasons, Chock's appeal is not properly before us. The January 7, 2021 order is not final pursuant to Rule 341 because, at the time of filing the notice of appeal, litigation was still proceeding. The order was not appealable as of right pursuant to Rule 342 because it does not fall within the definition of an appealable orphans' court order. Moreover, the appeal was filed prematurely before a final order on the motion for reconsideration was filed. Because we lack jurisdiction to consider the merits of Chock's issue, the appeal must be quashed. *J.M.*, *supra* at 661; *EMC Mortg., LLC*, at 1061.

Appeal quashed. Jurisdiction relinquished.

---

[8] Nor are we persuaded by Chock's argument that the order determined her interest in her money for purposes of Rule 342(a)(6) because it denied her request for an accounting. The order did not state that she had no interest in her funds; only that because of the extensive documentation already provided by Roxane, a formal accounting would not be ordered. To the extent that the order determined her interest in her Real Property by declining to return it to her (an argument she does not make), this was vacated pending reconsideration.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2022