## Berro v. Erie Insurance Company

*Richard J. Orloski,* for plaintiff.
*Marvin O. Schwartz,* for defendant.

WALLITSCH, *J.,* September 29, 1993—Plaintiff commenced the within action to recover first party benefits under plaintiff's motor vehicle insurance policy issued by defendant carrier. In his complaint, plaintiff alleges that he sustained injuries as a result of a motor vehicle accident which occurred on January 6, 1991, and because of this, he is entitled to wage loss benefits under his insurance policy. Plaintiff alleges that on November 4, 1991, defendant notified plaintiff that plaintiff's wage loss benefits were being terminated.

In Count II of the complaint, plaintiff seeks relief under 42 Pa.C.S. §8371. Count III of the complaint seeks relief under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq. Defendant filed this motion for judgment on the pleadings contending that (1) the remedy for plaintiff's claim for the non-payment of wage loss benefits lies under 75 Pa.C.S. §1716 of the Motor Vehicle Financial Responsibility Law, and (2) plaintiff may not maintain a cause of action under the UTPCPL.

Pa.R.C.P 1034 provides that upon the close of the pleadings, a party may file a motion for judgment on the pleadings. Judgment on the pleadings may be entered when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 595 A.2d 128 (1991). In determining if there is a factual dispute, the court must confine its consideration to the pleadings. *Id.*

Defendant asserts that with respect to claims for first party benefits under Count II of the complaint, the procedures and remedies set forth in the MVFRL are exclusive and controlling. Therefore, plaintiff's cause of action under section 8371 of the Judicial Code is inconsistent with and conflicts with the procedures and remedies set forth in the MVFRL, and section 8371 consequently does not apply.

Section 8371 of the Judicial Code provides for the recovery of interest, punitive damages, court costs and attorney fees by an insured if a court finds "that the insurer has acted in bad faith toward the insured." 42 Pa.C.S. §8371. Section 1716 of the MVFRL provides: (1) for the payment of interest if benefits are not paid within 30 days after the insurer receives "reasonable proof" of the amount due; (2) for the calculation of interest at the rate of 12 percent per annum from the date benefits become due; and (3) for the payment of "a reasonable attorney fee based upon actual time expended" in the event the insurer is found to have "acted in an unreasonable manner in refusing to pay the benefits when due." 75 Pa.C.S. §1716.

In deciding this issue, we are constrained to follow the lead of *Okkerse v. Prudential,* 425 Pa. Super. 396, 625 A.2d 663 (1993). In *Okkerse,* the court determined that section 8371 of the Judicial Code did not conflict

with any provision of the former Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. §§1009.101— 1009.701 (repealed effective October 1, 1984). *Id.* at 402-403, 625 A.2d at 667. The court held that, although there was the potential for the appellee to recover the same damages under two distinct standards, dismissal would be inappropriate because it was not clear that he indeed would recover under both standards. *Id.*

In coming to this conclusion, the *Okkerse* court referred to *Seeger by Seeger v. Allstate Insurance Co.,* 776 F. Supp. 986 (M.D. Pa. 1991). In *Seeger,* the district court determined that there was no conflict between section 8371 of the Judicial Code and MVFRL section 1716. *Id.* at 991. The *Okkerse* court concurred in the analysis of the *Seeger* court, and then noted that "[s]ection 1716 is a reenactment of the provisions of the No-Fault Act at issue herein." *Id.* at 403, 625 A.2d at 667. The court therefore held that section 8371 and the No-Fault Act were not in conflict.

The court's analysis in *Okkerse* is controlling for the case at bar. The Superior Court adopted the reasoning of the district court in *Seeger,* and determined that section 8371 and section 1716 did not conflict. *Id.* at 403, 625 A.2d at 667. The rationale in the *Okkerse* case is wholly applicable to the facts of the instant case. Therefore, *Okkerse* is controlling, and defendant's motion for judgment on the pleadings will be denied as to plaintiff's claim under section 8371.

The second issue before the court is whether plaintiff may maintain a cause of action against the defendant under the UTPCPL. Defendant asserts that the misconduct of insurers is governed exclusively by the Unfair Insurance Practices Act, 40 P.S. §1171.1 et seq. and that there is no private cause of action for violations of the UTPCPL. The defendant properly cites *D'Am-*

*brosio v. Pennsylvania National Mutual Casualty Insurance Co.,* 494 Pa. 501, 431 A.2d 966 (1981), for support.

However, the Superior Court distinguished *D'Ambrosio* in *Pekular v. Eich,* 355 Pa. Super. 276, 513 A.2d 427 (1986), *appeal denied,* 516 Pa. 635, 533 A.2d 93 (1987). This case held that the UIPA is not the exclusive deterrent to alleged unfair or deceptive acts by insurers. The court based this decision on the fact that, in *D'Ambrosio,* the court only refused to supplement the UIPA with "new" judicially-created causes of action. The decision did not reach *existing* common law remedies. *Pekular, supra* at 290, 513 A.2d at 434. In fact, that opinion left for the legislature to determine whether other causes of action would be consistent with the UIPA. *Id.* Therefore, *D'Ambrosio* did not control that case.

*Pekular* also held that an insured is permitted to maintain a private cause of action under the UTPCPL reasoning:

"We see no inconsistency between the UIPA providing for administrative investigation and an imposition of limited penalties and the CPL [Unfair Trade Practices and Consumer Protection Law] providing a means by which a consumer may privately seek compensation for wrongs allegedly suffered. Our conclusion that there is no inherent irreconcilable conflict is supported by the fact that the UIPA contains no provision either stating or implying that the power vested in the Insurance Commissioner represents the exclusive means by which an insurer's unfair or deceptive acts are to be penalized or that the insured is precluded from seeking private compensation for damages incurred." *Pekular, supra* at 289-90, 513 A.2d at 434.

Hence, the court determined that the insured could maintain a claim under the UTPCPL concurrently with a claim under the UIPA. See also *Hardy v. Pennock Insurance Agency, Inc.,* 365 Pa. Super. 206, 529 A.2d 471 (1987).

The federal courts have agreed with the result in *Pekular.* See e.g., *Henry v. State Farm Ins. Co.,* 788 F. Supp. 241 (E.D. Pa. 1992). It thus seems clear that a claim under the UTPCPL is not inconsistent with a claim under the UIPA. The defendant's motion for judgment on the pleadings as to Count III of the complaint is therefore denied.

## ORDER

And now, September 29, 1993, upon consideration of defendant's motion for judgment on the pleadings, the written briefs and oral argument of counsel and for the reasons expressed in the accompanying opinion,

It is hereby ordered that the defendant's motion for judgment on the pleadings is denied.