Daubner v. Firemans' Fund Insurance Co.

C.P. of Butler County, no. 95-10401 A.D.

*Neal A. Sanders,* for plaintiff.
*Patricia A. Monahan,* for defendant.

O'BRIEN, *P.J.,* June 21, 1996—Before the court is defendant's preliminary objection to plaintiff's complaint. For the reasons set forth in the within memorandum opinion, defendant's preliminary objection is sustained.

Plaintiff was injured in a work-related accident on October 30, 1991. As a result of the accident, plaintiff sought medical treatment from a chiropractor on a bi-weekly basis. This treatment continued for some time before defendant challenged its reasonableness and necessity, and requested a review by a Utilization Review Organization.[1] The Utilization Review Organization determined that plaintiff's chiropractic treatment was not reasonable and necessary. Plaintiff's injury was also reviewed by a workers' compensation administrative law judge. On or about August 29, 1994, the judge determined that plaintiff was entitled to disability compensation benefits and that the chiropractic treatment plaintiff received was reasonable and necessary.

---

1. The record is unclear as to the timing of defendant's challenge and request for review by a Utilization Review Organization.

On or about October 6, 1995, plaintiff filed a four count complaint against the workers' compensation insurer. Plaintiff is seeking damages for breach of contract, bad faith pursuant to 42 Pa.C.S. §8371 (Purdon Pocket Part 1995), violations of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq. (Purdon 1993), and negligent infliction of emotional distress. Defendant filed a preliminary objection, in the nature of a demurrer, requesting that the court dismiss plaintiff's complaint.

It is clear that a plaintiff cannot recover damages for breach of contract, violations of the UTPCPL, and negligent infliction of emotional distress outside of the provisions of the Pennsylvania Workers' Compensation Act, 77 P.S. §1 et seq. (Purdon Pocket Part 1995). See *Kuney v. PMA Insurance Company*, 525 Pa. 171, 578 A.2d 1285 (1990) (exclusivity clause of Workers' Compensation Act denied plaintiff recovery against insurer for alleged bad faith, fraud and deceit), *Santiago v. Pennsylvania National Mutual Casualty Insurance Company*, 418 Pa. Super. 178, 613 A.2d 1235 (1992) (exclusivity clause of Workers' Compensation Act denied plaintiff recovery against insurer for alleged intentional infliction of emotional distress, bad faith, misrepresentation and loss of consortium), and *Winterberg v. Transportation Insurance Company*, 72 F.3d 318 (3rd Cir. 1995) (exclusivity clause of Workers' Compensation Act denied plaintiff recovery against insurer for alleged breach of contract, intentional infliction of emotional distress, bad faith pursuant to 42 Pa.C.S. §8371 and violations of the UTPCPL). It is unclear, however, whether plaintiff's claim for damages for bad faith pursuant to 42 Pa.C.S. §8371 (Purdon Pocket Part 1995) can be maintained as a cause of action outside of the Workers' Compensation Act.

The exclusivity clause of the Workers' Compensation Act, 77 P.S. §481 (Purdon 1993), is a specific *statutory* provision which provides:

"(a) The liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death."

Section 481, as amended, was enacted December 5, 1974, and was effective February 3, 1975. Section 481 of the Workers' Compensation Act provides that all liability of an insurer for a work-related injury is governed by the Workers' Compensation Act. Section 501 of the Workers' Compensation Act extended to insurers all immunities and protections given to employers by the Act. See 77 P.S. §501 (Purdon 1993).

42 Pa.C.S. §8371 is a general statutory provision which provides:

"In an action arising under an insurance policy, if the court finds that the insurer acted in bad faith toward the insured, the court may take all of the following actions:

"(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3 percent.

"(2) Award punitive damages against the insurer.

"(3) Assess court costs and attorney fees against the insurer."

Section 8371 was enacted February 7, 1990, and was effective July 1, 1990. Section 8371 establishes a separate and independent cause of action against insurers for bad faith in handling insurance claims. The court finds that the specific provisions of section 481

of the Workers' Compensation Act are in conflict with the general provisions of 42 Pa.C.S. §8371, and that the two cannot be construed to give effect to both.

The Rules of Construction of the Pennsylvania Statutes provide:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed if possible, so that effect may be given to both. If the conflict between the two positions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later *and it shall be the manifest intention of the General Assembly that such provision shall prevail."* 1 Pa.C.S. §1933 (Purdon 1995). (emphasis added)

Whereas the court finds that the specific provisions of section 481 of the Workers' Compensation Act are in conflict with the general provisions of 42 Pa.C.S. §8371, and that the two cannot be construed to give effect to both, and whereas 42 Pa.C.S. §8371 was enacted after section 481 of the Workers' Compensation Act, pursuant to the rules of statutory construction, section 481 shall prevail and be construed as an exception to the general provisions of 42 Pa.C.S. §8371 unless the court finds that it was the manifest intent of the legislature that 42 Pa.C.S. §8371 prevail over section 481 of the Workers' Compensation Act.

As evidence of the legislature's manifest intent that 42 Pa.C.S. §8371 prevail over section 481 of the Workers' Compensation Act, plaintiff cites the court to section 31(c) of 1990 Pa. Laws 6 (Act 6 of February 7, 1990 P.L. 11), which Act established 42 Pa.C.S. §8371. Section 31(c) of 1990 Pa. Laws 6 provides that "all other

Acts or parts of Acts are repealed insofar as they are inconsistent with this Act." The Superior Court relied on section 31(c) in *Okkerse v. Prudential Property and Casualty Insurance Co.,* 425 Pa. Super. 396, 404, 625 A.2d 663, 667 (1993), holding that in a case of conflict between section 8371 and the No-Fault Act, section 8371 should prevail since "[it] was enacted later than the No-Fault Act and this repealer section indicates that the General Assembly intended it to prevail over any inconsistent statutes."

Although the court agrees with the Superior Court's holding in *Okkerse, supra,* that it was the intent of the legislature that section 8371 prevail over inconsistent parts of the No-Fault Act, the court is not convinced that the legislature intended section 31(c) to have the effect that section 8371 prevail over section 481 of the Workers' Compensation Act. When seeking to construe legislative intent, the court may look to the occasion and necessity for the enactment, the circumstances under which it was enacted, the mischief to be remedied, the object to be attained, and the consequences of a particular interpretation. 1 Pa.C.S. §1922 (Purdon 1995) and *Township of Moon v. Police Officers of Township of Moon,* 508 Pa. 495, 498 A.2d 1305 (1985).

Upon review of 1990 Pa. Laws 6 and the legislative history thereon, the court finds that 1990 Pa. Laws 6 resulted from several years of effort to address fraud, theft, frivolous suits, health care costs, and skyrocketing premium costs, in automobile insurance. Legislative Journal-Senate, volume 1 p. 1701. The legislative intent in enacting 1990 Pa. Laws 6 was to provide a comprehensive reformation of the Pennsylvania automobile insurance laws to address these issues. Legislative Journal-House, volume 1 p. 202 et seq.

The text of 1990 Pa. Laws 6 is consistent with the aforementioned intent. The text of 1990 Pa. Laws 6 consists of 43 pages in the Laws of Pennsylvania, 1990 volume 1. Throughout the 43 pages, all provisions of the Act relate specifically to motor vehicles or motor vehicle insurance, except for the provisions enacting 42 Pa.C.S. §§8355 and 8371, and the repealer provisions of section 31.

Whereas the intent of the legislature in enacting 1990 Pa. Laws 6 was to provide comprehensive reformation of the Pennsylvania automobile insurance laws, and whereas the exclusivity clause of the Workers' Compensation Act is a quid pro quo for employers for being subject to no-fault liability for work-related injury, *Lewis v. School District of Philadelphia,* 517 Pa. 461, 538 A.2d 862 (1988), the court finds that it was not the intent of the legislature that 42 Pa.C.S. §8371 prevail over section 481 of the Workers' Compensation Act. The court finds that the legislative intent necessary to supercede the exclusivity clause of the Workers' Compensation Act must be more clearly manifested than a boilerplate repealer section in an Act intended to provide a comprehensive reformation of Pennsylvania automobile insurance law; therefore, defendant's preliminary objection to plaintiff's complaint is sustained.

The court notes that this opinion is consistent with the Third Circuit's opinion in *Winterberg v. Transportation Insurance Company, supra.*

## ORDER

And now, June 21, 1996, upon due consideration of defendant's preliminary objection to plaintiff's complaint, it is hereby ordered that defendant's preliminary objection is sustained. Plaintiff's complaint is dismissed.