581 A.2d 209

**James V. ELIA and Patricia May Elia, his wife, Appellants,**

**v.**

**ERIE INSURANCE EXCHANGE and Paul L. Richter, M.D., Appellees.**

Superior Court of Pennsylvania.

Argued May 9, 1990.

Filed Oct. 15, 1990.

434

435

Kenneth W. Behrend, Pittsburgh, for appellants.

Patricia L. Wozniak, Pittsburgh, for appellees.

Before WIEAND, DEL SOLE and HESTER, JJ.

WIEAND, Judge:

In this appeal, we are asked to decide whether causes of action for (1) fraud and deceit and (2) an alleged violation of the Unfair Trade Practices and Consumer Protection Law [1] can be maintained against a physician who, at the request of an insurance company, has examined a claimant and reported that he is physically able to return to work and is malingering. The trial court held that such actions were not cognizable and sustained preliminary objections in the nature of a demurrer to the counts of the complaint which attempted to state such causes of action. After careful review, we affirm.

Because a count of the complaint alleging a cause of action against the physician for defamation remains undecided, we must first determine whether an appeal has properly been taken from the order entering judgment in favor of the physician on two other counts of the complaint. "As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable." *Cloverleaf Development, Inc. v. Horizon Financial,* 347 Pa.Super. 75, 81, 500 A.2d 163, 166 (1985), quoting *Praisner v. Stocker,* 313 Pa.Super. 332, 337, 459 A.2d 1255, 1258 (1983). This is because such an order is not final, as it does not effectively put the plaintiffs "out of court." See: *Cloverleaf Development, Inc. v. Horizon Financial, supra* 347 Pa.Super. at 80, 500 A.2d at 166. See also: *Pugar v. Greco,* 483 Pa. 68, 72–73, 394 A.2d 542, 544–545 (1978); 42 Pa.C.S. § 742.

However, the general rule is not without exceptions. Where the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the merits of separate and distinct causes of action, the order sustaining preliminary objections is then final, not interlocutory, with respect to those causes of action dismissed. The plaintiff is "out of court" with respect thereto.

1. Act of December 17, 1968, P.L. 1224, No. 387, as amended November 24, 1976, P.L. 1166, No. 260, § 1, 73 P.S. § 201–1 et seq.

*Cloverleaf Development, Inc. v. Horizon Financial, supra,* 347 Pa.Superior Ct. at 81, 500 A.2d at 166, citing *Praisner v. Stocker, supra,* 313 Pa.Superior Ct. at 339, 459 A.2d at 1258–1259. See also: *Danko Development Corp. v. Econoclast Corp.,* 369 Pa.Super. 120, 534 A.2d 1108 (1987). Instantly, the counts against Dr. Richter for fraud and for violation of the Unfair Trade Practices and Consumer Protection Law, on which final judgments have been entered in favor of the defendant physician, are separate and distinct causes of action from the remaining defamation claim. Therefore, the present appeal is proper. See: *Gatten v. Merzi,* 397 Pa.Super. 148, 579 A.2d 974 (1990).

In reviewing the trial court's order sustaining preliminary objections in the nature of a demurrer, we accept as true all material facts alleged in the complaint, as well as inferences reasonably deducible therefrom. *Ervin v. American Guardian Life Assurance Co.,* 376 Pa.Super. 132, 133, 545 A.2d 354, 355 (1988), *allocatur denied,* 522 Pa. 604, 562 A.2d 826 (1989).

> In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman,* 330 Pa.Super. 216, 479 A.2d 517, 519 (1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Id.;* see also *Cianfrani v. Commonwealth, State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468, 469 (1984).

*Id.,* quoting *Alumni Ass'n v. Sullivan,* 369 Pa.Super. 596, 600–601, 535 A.2d 1095, 1098 (1987), *allocatur granted,* 520 Pa. 586, 551 A.2d 213 (1988).

James Elia received back injuries as a result of a two car accident on April 16, 1987. Erie Insurance Exchange paid first party benefits consisting of medical expenses and lost wages. On January 26, 1988, Elia was examined by Dr. Paul L. Richter, a neurologist. As a result of that examination, Dr. Richter submitted a report to Erie Insurance in

which he opined that Elia was physically able to return to work as a bricklayer and accused him of malingering. On the basis of this report, Erie Insurance terminated the payment of first party benefits. Elia and his wife, Patricia May, then commenced the instant action against Erie Insurance and Dr. Richter. The claim against Dr. Richter was set forth in three separate counts, alleging causes of action for (1) defamation; (2) fraud and deceit; and (3) a violation of the Unfair Trade Practices and Consumer Protection Law. The trial court, as we have observed, sustained preliminary objections in the nature of a demurrer to the second and third counts and dismissed those counts with respect to Dr. Richter.

To make out a cause of action for fraud, a plaintiff is required to allege and prove (1) a misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient will thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as the proximate result. *Delahanty v. First Pennsylvania Bank*, 318 Pa.Super. 90, 108, 464 A.2d 1243, 1252 (1983). The averments of appellants' complaint have failed to state a cause of action against Dr. Richter for fraud. Richter was employed by Erie Insurance to examine Elia to aid Erie in determining its continued liability to Elia for first party benefits. Where a physician has been retained by a third party to conduct an examination of another person and report the results to the third party, the physician does not enter into a physician-patient relationship with the examinee and is not liable to the examinee for any losses he suffers as a result of the conclusion the physician reaches or reports. *Ervin v. American Guardian Life Assurance Co., supra.* Richter's report was made to and at the instance of Erie Insurance. As such, he made no misrepresentation intended to induce Elia to act and, indeed, no action was taken by Elia in reliance on the physician's report to the insurance company. Dr. Richter's examination was not performed to treat or advise Elia but solely for the purpose of enabling Erie

Insurance to better evaluate Elia's continuing claim. Thus, Elia can have no cause of action against Dr. Richter for common law fraud and deceit.

█ A private cause of action for damage caused by unfair or deceptive business practices has been created by the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–9.2(a), in the following language:

§ 201–9.2 **Private actions**

(a) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action, to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper.

This statutory provision, however, does not create a cause of action in favor of Elia against Dr. Richter. Elia did not purchase services or goods from Dr. Richter, whose services were purchased by Erie Insurance to assist it in evaluating Elia's claim against Erie. The statute does not create a new cause of action on behalf of an insurance claimant who is dissatisfied with a physical examination and report made by an independent physician employed by the insurance carrier to aid in evaluating a claim being made against it. Compare: *Gatten v. Merzi, supra.*

The order of the trial court sustaining preliminary objections in the nature of a demurrer to Counts II and III of the complaint and entering judgment therein in favor of Dr. Richter is affirmed.

DEL SOLE, J., concurs in the result.