588 So.2d 175 (1991)
David B. ELLIOTT, Jr.
v.
LABORATORY SPECIALISTS, INC.
No. 91-CA-266.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1991.
Rehearing Denied November 18, 1991.
Writ Denied January 30, 1992.
Kevin Patrick Monahan, Robert Felton Monahan, Baton Rouge, for plaintiff-appellee.
Keith M. Pyburn, Jr., Howard Shapiro, New Orleans, Alton B. Lewis, Jr., Hammond, for defendant-appellee.
Charles H. Hollis, New Orleans, for defendant-appellant.
Before GRISBAUM and DUFRESNE, JJ., and ELORA C. FINK, J., Pro Tem.
DUFRESNE, Judge.
Plaintiff, David B. Elliott, Jr., filed suit against the defendant, Laboratory Specialists, Inc. (LSI) for negligently conducting and reporting a post-accident urinalysis.
Mr. Elliott was required by his former employer, Avondale Industries, Inc. to submit to a drug test after suffering an on the job injury December 10, 1985. LSI reported a positive test result, thereafter Mr. Elliott was terminated because he had allegedly violated Avondale's substance abuse policy.
David Elliott filed suit against LSI based on its negligence in conducting and reporting the urinalysis. He had also sued his former employer, Avondale and Clovin Hayes & Associates, Inc; however, both were dismissed by summary judgment prior to trial.
After a jury trial LSI was found negligent in the manner in which it tested Elliott's urine sample. He was awarded $25,000 in damages. From this verdict LSI has appealed and argues that the plaintiff has failed to state a cause of action.
LSI had reported to Avondale that Mr. Elliott's urine tested positive for THC, the active ingredient in marijuana. As a result he was discharged from Avondale's employment for violating the company's substance abuse policy.
At trial Mr. Elliott presented testimony of two individuals, James Woodford, Ph.D. in chemistry and a drug testing expert and *176 John Morgan, M.D., medical professor and Director of Pharmacology, City College of New York, another drug testing expert.
They concluded that the protocol and methodology of LSI was scientifically inadequate and failed to meet the scientific standards as accepted in December 1985.
Dr. Morgan testified that the use of the testing procedures as utilized by LSI "cannot under any circumstances, be considered appropriate scientifically defensible, ethical or proper at any kind of level". Furthermore, with respect to the "chain of custody", utilized by LSI, Dr. Morgan opined that the protocol was "totally inadequate".
The focus of LSI's appeal is that Elliott's contention is not actionable under Louisiana law citing Hebert v. Placid Refining Co., 564 So.2d 371 (La.App. 1st Cir.1990). LSI argues that a terminated employee cannot state a cause of action for the testing of the employee's urine, whether negligently or not. They contend that it owed Elliott no duty to protect against the risk of a false-positive test.
Generally, under Louisiana law a person's duty toward another can be simply stated as the obligation to conform to the standard of conduct of an average reasonable man under same or similar circumstances. Thus, for LSI to have breached any duty, first one must be owed and secondly it must have acted unreasonably in testing the urine sample. After examining the record we find the evidence convincing that LSI failed to conform with appropriate and proper methodology. LSI's conduct was delictual as set forth pursuant to law LSA-cc. arts. 2315 and 2316. We find the elements of tort present, fault, causation and damage. Morris v. Orleans Parish School Board, 553 So.2d 427 (La.1989). We also find the existence of a non-contractual obligation between Elliott and LSI. To suggest that LSI does not owe Elliott a duty to analyze his body fluid in a scientifically reasonable manner is an abuse of fundamental fairness and justice. LSI should be held responsible for its conduct. The risk of harm in our society to an individual because of a false-positive drug test is so significant that any individual wrongfully accused of drug usage by his employer is within the scope of protection under the law.
Mr. Elliott's being labelled an illegal drug user has such emotional economic and career detrimental affects that failure to find protection under our law would be a step backwards for the protection of the individual. LSI's duty to Mr. Elliott is as obvious as any independent contractor's standard of care to an employee of another.
The issue of whether a duty is owed is largely based on the interaction between parties in society and the seriousness of certain consequences should sub-standard conduct occur. LSI's behavior should have conformed to an acceptable standard of conduct which would have prevented undue risks of harm.
We find that drug testing laboratories (acting as independent contractors) owe a duty of care to the testee/employee, regardless of the contractual arrangement between the lab and the employer. Privity of contract should never excuse a duty imposed by law on the conduct of individuals towards another in a reasonable society.
Accordingly, for the above reasons, the jury verdict is affirmed.
AFFIRMED.