602 A.2d 890

**Bernard A. TOMKO and Pamela Tomko, h/w, Appellants,**

v.

**Burton MARKS, D.O., Comprehensive Imaging, Inc., Good Samaritan Hospital, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1991.

Filed Feb. 11, 1992.

Joseph T. Piscitello, King of Prussia, for appellants.

Joseph A. Ricci, Harrisburg, for appellees Marks and Comprehensive Imaging.

Before CAVANAUGH, McEWEN and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order granting appellees' motion for summary judgment. Appellants Bernard and Pamela Tomko brought this suit alleging negligence against appellees for misreading plaintiff's x-rays and for failing to diagnose cancer. The Court of Common Pleas of Schuylkill County found that Dr. Marks owed appellant Mr. Tomko no duty of care, and, therefore, appellants could not survive the summary judgment motion with their bare negligence claim. We agree.

The facts which generated this action are as follows. In June of 1987, Bernard Tomko was sent to Good Samaritan Hospital by Allied Chemical Company for a pre-employment physical examination. At that time, a chest x-ray was taken. The film was read by appellee Dr. Burton Marks, D.O., an employee of Comprehensive Imaging, Inc. Comprehensive Imaging was under contract with Good Samaritan Hospital to provide it with radiology services. Allied Chemical was told that the results of appellant's x-ray were normal. While Mr. Tomko was at the hospital, he neither selected, met, nor saw Dr. Marks. The fees incurred in reading the x-ray were paid by Allied Chemical. Subsequently, Mr. Tomko was diagnosed with cancer. Appellants allege that Dr. Marks misread the x-ray, resulting in a failure to early diagnose and treat cancer.

The standard of review in considering an appeal from a summary judgment is firmly established in Pennsylvania:

> Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Pa.R.C.P. 1035(b). The moving party has the burden of proving the nonexistence of any genuine issue of material fact. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). We must view the record in the light most favorable to the non-moving party, resolving against the moving party any

doubts as to the existence of a genuine issue of material fact. *Id.* We find that no genuine issue of material fact exists in this case to warrant reversal of the grant of summary judgment.

Appellants challenge the grant of summary judgment on the grounds that it violates a public policy in favor of a duty owing patients by doctors. Appellants also allege that the current law, which imposes no liability where there is no physician-patient relationship, is in need of reform and that this Court should effect the requested change. We decline to alter so drastically the law on medical negligence, without evidence of a therapeutic purpose and the resulting professional relationship between these parties.

■ Without altering our medical negligence framework, however, I would hold that reports like the one in the instant case, arising from a medical test not performed for doctor-patient diagnostic purposes, should be made available to the subject of the report for his or her review.[1] In so stating, I do not intend or foresee any alteration of existing rules delineating duty in the medical negligence context. I find that it is only proper and fair for an examinee to have the opportunity to be apprised of medical testing performed upon him. With my position on this subject adequately noted, I proceed to the issues pertinent to the instant action.

■ This Court has faced the question at bar in the past. *Elia v. Erie Insurance Exchange*, 398 Pa.Super. 433, 581 A.2d 209 (1990) (insurer requested medical examination); *Ervin v. American Guardian Life Assurance Co.*, 376 Pa.Super. 132, 545 A.2d 354 (1988), *appeal denied*, 522 Pa. 604, 562 A.2d 826 (1989) (insurer requested medical exam); *Craddock v. Gross*, 350 Pa.Super. 575, 504 A.2d 1300 (1986) (employer's worker's compensation carrier requested exam). In these cases, like the one at bar, a third

---

1. This was also my dissenting opinion in a recent unpublished panel decision. *See Berrett v. American Guardian Life Assurance Co.*, No. 00409 Pittsburgh 1991, memorandum decision filed November 20, 1991.

party sponsored a medical examination of a person, and the patient later alleged negligence for some omission on the part of the physician. This Court found in the past, as we do today, that the plaintiffs in these cases could not succeed on a cause of action in negligence. Our rationale is based on the fact that no relationship existed which could give rise to a duty owed the plaintiff. In support of our holding today, we reiterate what this Court stated in *Craddock:*

> The term malpractice denotes a breach of duty owed by one in rendering professional services to a person who has contracted for such services; in physician-malpractice cases, the duty owed by the physician arises from the physician-patient relationship. No such relationship existed in the case at bar.... Plaintiff did not employ the defendant, nor did [s]he seek or receive medical advice or treatment. Under such circumstances, the defendant did not owe plaintiff any duty arising from a physician-patient relationship.

*Craddock*, 350 Pa.Superior Ct. 579, 504 A.2d at 1302.

It has long been held in this Commonwealth that to succeed on a negligence theory, four elements must be present: 1) a duty recognized by law requiring the actor to conform to a certain standard of conduct; 2) failure by the actor to observe this standard; 3) causation between the conduct and injury; and 4) actual damages. Prosser, *Law of Torts*, sec. 30 at 143 (4th ed. 1971); *Casey v. Geiger*, 346 Pa.Super. 279, 499 A.2d 606, 612 (1985).

In cases like the one at bar, this Court has not found a relationship sufficient to support the existence of a duty owed the patient. In the present case, appellant concedes that he never met with Dr. Marks. It is also clear that the exam was done because appellant's employer, not appellant, requested one. (Deposition transcript of Bernard Tomko, October 6, 1989, at 3.) We find that an examination conducted at the behest of a person's employer or insurance company is quite unlike the situation where an individual seeks out his own physician expecting treatment and diagnosis. In the instant case, the purpose of the exam was to

determine whether Mr. Tomko was fit for employment. Appellants have asserted that Dr. Marks owed Mr. Tomko a duty, yet have failed to establish the existence of a physician-patient relationship; without more, we are inclined to follow our prior holdings on this same issue. In addition to our holding today, however, I reiterate my belief, as stated above, that medical reports such as those presumably generated in this case should be made available to the subject of the medical testing if he desires to examine them. It is for these reasons that we uphold the grant of appellees' motion for summary judgment.

Order affirmed.

CAVANAUGH and McEWEN, JJ., Concur in the Result.