Lawrence HAMMOND

v.

CITY OF PHILADELPHIA, John Timoney, Commissioner, Lt. Charles Lorenz, Sgt. Yolanda Lloyd, And Drugscan, Inc.

No. Civ. A. 00–5082.

United States District Court, E.D. Pennsylvania.

June 29, 2001.

Brian M. Puricelli, Law Offices of Brian M. Puricelli, Newtown, PA, for plaintiff.

Michael Holmes, Deputy City Solicitor, Philadelphia, PA, Peter D. Winebrake, Gregory J. Vrato, City of Philadelphia Law Dept., Philadelphia, PA, for City of Philadelphia, John Timoney, Charles Lorenz, Yolonda Lloyd, defendants.

Jeffrey Ivan Pasek, Cozen & O'Connor, Philadelphia, PA, Jeffrey L. Pettit, Phillips & Phelan, Philadelphia, PA, Peter D. Winebrake, City of Philadelphia Law Dept., Philadelphia, PA, for Drugscan, Inc.

## MEMORANDUM ORDER

WALDMAN, District Judge.

This action arises out of plaintiff's termination from the Philadelphia Police Department (the "Department"). Presently before the court is defendant Drugscan's Motion to Dismiss Count Seven of Plaintiff's Complaint. The pertinent facts as alleged by plaintiff are as follows.

Plaintiff was a police officer with the Department, assigned to District # 17 (the "District"). During his investigation of suspicious activity while on duty on October 3, 1998, plaintiff entered a room in which several persons were smoking marijuana. He thus exposed himself to marijuana smoke. Plaintiff was unable to arrest the persons smoking marijuana, and did not confiscate evidence of drug use or write an incident report. Several minutes after this incident, plaintiff arrested a fugitive who he transported to the District. While at the District, plaintiff was ordered by Sgt. Lloyd to provide her with a urine sample. Plaintiff informed Sgt. Lloyd of his recent exposure to marijuana and resumed his duties. Drugscan, Inc. analyzed plaintiff's urine and reported to the District that it had tested positive for marijuana. The urine sample contained 28 nanograms of marijuana which exceeded the 20 nanogram limit set under Directive 55.

Lt. Lorenz, an officer with the Department's Internal Affairs ("IAD") Unit, interviewed plaintiff on October 8, 1998 and again on October 9, 1998 about his activities on October 3, 1998. Plaintiff was suspended on October 9, 1998 and was terminated on November 7, 1998. The termination was affirmed by the Philadelphia Civil Service Commission on June 29, 1999, and by the Philadelphia Court of Common Pleas on March 24, 2000.[1] Plaintiff initiated this action on November 6, 2000.

Plaintiff asserts claims against Drugscan for violation of his First and Fourteenth Amendment rights (Count Two) for conspiring to violate his constitutional rights (Count Five), for violation of Article 1, Sections 1, 7 and 26 of the Pennsylvania Constitution (Count Six) and for negligence (Count Seven).[2]

In Count Seven, plaintiff asserts that Drugscan breached a duty of care owed to plaintiff to "properly maintain control of

---

1. The court has considered the existence and substance of the Commission's opinion which is referenced in the complaint. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.,* 181 F.3d 410, 427 n. 7 (3d Cir.1999). The court takes judicial notice of the Court decision but has not considered its factual conclusions as it is not referenced in the complaint. *Id.* at 426.

2. The complaint does not contain a Count Four.

the urine sample for tampering and contamination, properly maintain testing devices for accurate testing, use properly trained, educated, experience [sic] or licensed personnel to test sample Plaintiff's urine sample, properly maintain accurate records for the urine sample, and properly supervise its personnel to ensure the tests were performed correctly, the sample was not contaminated, and the records accurately showed the history for the sample from the time it was received to end."

■■ Dismissal for failure to state a claim is appropriate when it clearly appears that the plaintiff can prove no set of facts to support the claim which would entitle him or her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Robb v. Philadelphia,* 733 F.2d 286, 290 (3d Cir.1984). Such a motion tests the legal sufficiency of a claim accepting the veracity of the claimant's allegations. *See Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990); *Sturm v. Clark,* 835 F.2d 1009, 1011 (3d Cir.1987). A claim may be dismissed when the facts alleged and the reasonable inferences therefrom are legally insufficient to support the relief sought. *See Pennslyvania ex rel. Zimmerman v. PepsiCo., Inc.,* 836 F.2d 173, 179 (3d Cir.1988).

■ To state a negligence claim under Pennsylvania law, plaintiff must allege a duty or obligation recognized by the law requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; a failure on that person's part to conform to the standards required; a causal connection between the conduct and a resulting injury; and, actual loss or damage resulting to the interest of another. *See Ferry v. Fisher,* 709 A.2d 399, 402 (Pa.Super.1998). *See also J.E.J. v. Tri–County Big Brothers/Big Sisters, Inc.,* 692 A.2d 582 (Pa.Super.1997) ("[t]he elements of a cause of action based on negligence are a duty, a breach of that duty, a causal relationship between the breach and the resulting injury, and actual loss").

■■ A drug laboratory owes no duty of care to a customer's employee when it performs drug screening tests on the employee on behalf of the customer. *See Ney v. Axelrod,* 723 A.2d 719, 722 (Pa.Super.1999) (plaintiff cannot sue drug laboratory and doctor who performed drug screening tests on plaintiff for negligence as there was no physician-patient relationship giving rise to duty of care). Similarly, a patient cannot maintain an action in negligence against a physician where a third party has sponsored the patient's examination. *See Promubol v. Hackett,* 454 Pa.Super. 622, 686 A.2d 417, 420–21 (1996) (physician owed no duty of care to patient when insurance company sponsored examination in connection with application for life insurance); *Tomko v. Marks,* 412 Pa.Super. 54, 602 A.2d 890, 892 (1992) (plaintiff whose employer sponsored medical examination cannot maintain negligence action against examining doctor as there was no doctor-patient relationship or duty of care). *See also Elia v. Erie Ins. Exchange,* 398 Pa.Super. 433, 581 A.2d 209, 212 (1990) (plaintiff cannot maintain claims for fraud and deceit against doctor who examined plaintiff for insurance company to determine fitness to work).

■ Drugscan tested plaintiff's urine on behalf of the Department. There are no allegations of any other relationship between Drugscan and plaintiff. Drugscan owed no duty of care to plaintiff. In the absence of a duty of care, plaintiff cannot make out a negligence claim against Drugscan.[3]

---

**3.** In responding to defendant's motion, plaintiff also suggests that he has standing to sue

ACCORDINGLY, this 29th day of June, 2001, upon consideration of defendant Drugscan Inc.'s Motion to Dismiss Count VII of Plaintiff's Complaint (Doc. # 4) and plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED.**

as a third party beneficiary to the contract between Drugscan and the City. There is, however, no allegation or suggestion that both Drugscan and the City intended to benefit plaintiff. *See Scarpitti v. Weborg,* 609 A.2d 147, 150–51 (1992). In the context of employee drug testing, such an intent is highly improbable and cannot reasonably be inferred. *See Rigby v. Clinical Reference Laboratory, Inc.,* 995 F.Supp. 1217, 1227 (D.Kan. 1998) ("courts have held universally that test subjects are not third-party beneficiaries of contracts between employers and laboratories").