Michael P. TRICOSKI,

v.

LABORATORY CORPORATION OF AMERICA d/b/a Labcorp.

No. CIV.A. 01–5207.

United States District Court,
E.D. Pennsylvania.

Aug. 20, 2002.

Sidney L. Gold, Kevin Lovitz, Lovitz & Gold, P.C., Philadelphia, PA, for plaintiff.

Brett G. Sweitzer, Pepper Hamilton, Philadelphia, PA, for defendant.

### *MEMORANDUM ORDER*

WALDMAN, District Judge.

This diversity action arises from plaintiff's termination by his employer based on the positive result of a random drug test administered by defendant. Plaintiff alleges that defendant performed the test negligently and that the result was incorrect. Presently before the court is defen-

dant's Motion for Summary Judgment. The parties agree that the resolution of the motion turns on the prediction of this court as to whether the Pennsylvania Supreme Court would recognize a duty of care owed by a drug testing facility to a customer's employee who is tested.

From the evidence of record as uncontroverted or otherwise viewed in the light most favorable to plaintiff, the pertinent facts are as follow.

Plaintiff was employed as an account manager by Spectra Contract Flooring, a Division of Shaw Industries, from September 2000 through September 20, 2001. On September 11, 2001, the Spectra office manager asked plaintiff to submit to a drug test as part of the employer's periodic random testing policy. Plaintiff was directed to a facility in Collegeville, Pennsylvania for testing. Plaintiff furnished personnel at the facility with his urine sample and personal identifying information. The chain of custody form submitted in connection with plaintiff's urine sample was not signed by plaintiff at the time he submitted the urine sample. Plaintiff was contacted on September 18, 2001 by a doctor employed by Spectra who informed him that he had tested positive for marijuana. The doctor did not correctly verify plaintiff's social security number and spelled his last name wrong.* Plaintiff was terminated from his employment on September 20, 2001 based on the result of the drug test. As plaintiff states he "does not participate in the use of illicit drugs," it may be inferred that the test result was incorrect.

■ To sustain a negligence claim under Pennsylvania law, a plaintiff must show a duty imposed by the law upon the defendant; a breach of that duty; a causal connection between the breach and a re-sulting injury; and, actual loss or damage. *See Ferry v. Fisher,* 709 A.2d 399, 402 (Pa.Super.1998); *J.E.J. v. Tri–County Big Brothers/Big Sisters, Inc.,* 692 A.2d 582, 584 (Pa.Super.1997).

No court applying Pennsylvania law has recognized a duty of care owed by a drug testing facility to a customer's employee when it performs drug screening tests on the employee on behalf of the customer. *See Hammond v. City of Philadelphia,* 164 F.Supp.2d 481, 483 (E.D.Pa.2001); *Ney v. Axelrod,* 723 A.2d 719, 722 (Pa.Super.1999)("we are not willing to create a theory of liability for negligent doctors or medical laboratories that have contracted with third parties for employment-related testing").

■ "The opinions of intermediate appellate state courts are 'not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.' " *Nationwide Mutual Ins. Co. v. Buffetta,* 230 F.3d 634, 637 (3d Cir.2000) (quoting *West v. Am. Tel. & Tel. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940)). A federal court sitting in diversity "should be especially reluctant to create new rights that neither the state legislature nor the state courts have seen fit to recognize." *Id.* at 642.

■ Courts in at least two states have recognized some duty of care of testing facilities to employees drug-tested at their employers' behest. *See Stinson v. Physicians Immediate Care, Ltd.,* 269 Ill.App.3d 659, 207 Ill.Dec. 96, 646 N.E.2d 930, 934 (1995); *Elliott v. Laboratory Specialists, Inc.,* 588 So.2d 175, 176 (La.Ct.App.1991). That a significant number of other states would do so, however, is far from clear. *See, e.g., Willis v. Roche Biomedical Labo-*

---

* One of the digits in plaintiff's social security number was misstated. There is no indica-tion of record regarding the spelling of plain-tiff's name.

**446**

ratories, Inc., 61 F.3d 313, 316 (5th Cir. 1995) (predicting Texas would not recognize such a duty). In any event, these cases do not constitute "persuasive data" that the Pennsylvania Supreme Court would disavow *Ney* and recognize such a duty of care by drug testing facilities.

The Courts in *Stinson* and *Elliott* imposed a duty of care on drug testing facilities based upon considerations of public policy of a type generally addressed more appropriately by legislatures than courts. There is substantial undisturbed precedent under Pennsylvania law that a medical professional owes no duty to the subject of an examination sponsored by a third party. *See Hammond*, 164 F.Supp.2d at 483. The court cannot conscientiously predict that the state Supreme Court would recognize an actionable duty of care in the circumstances presented. The court believes that the Supreme Court more likely would leave it to the legislature to assess the social need for greater protection in this area and to define such new rights and remedies as it may find to be appropriate.

**ACCORDINGLY**, this day of August, 2002, upon consideration of defendant's Motion for Summary Judgment (Doc. # 7) and plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** and **JUDGMENT** is **ENTERED** in the above action for the defendant.