J. A34009/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHELLE ROBINSON, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER COYLE AND | : | No. 700 MDA 2014 |
| HENRY & BEAVER, LLP | : | |

Appeal from the Order, March 21, 2014,
in the Court of Common Pleas of Lebanon County
Civil Division at No. 2012-01096

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 28, 2015**

Michelle Robinson appeals, ***pro se***, from the order of March 21, 2014, granting defendants/appellees' motion for judgment on the pleadings and dismissing appellant's complaint with prejudice.  We affirm.

On October 5, 2010, a jury convicted appellant of disorderly conduct, and she was sentenced to one year of probation.  Appellant was found not guilty of recklessly endangering another person and criminal conspiracy. The charges were brought in connection with an incident on August 30, 2009, wherein appellant and her co-defendant, Anne Coyle, were spraying water across the roadway next to their property, disrupting traffic. Apparently, appellant and Coyle were upset about excessive noise from passing motorcycles.  The underlying facts of this matter were recounted in

detail in this court's memorandum disposing of appellant's direct appeal. ***Commonwealth v. Robinson***, 64 A.3d 14 (Pa.Super. 2012) (unpublished memorandum), ***appeal denied***, 72 A.3d 602 (Pa. 2013).

On December 10, 2012, this court affirmed the judgment of sentence, finding, ***inter alia***, that the evidence was sufficient to sustain appellant's conviction of disorderly conduct. Appellant's petition for reargument was denied. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 24, 2013. Appellant also filed a federal ***habeas corpus*** petition, which was dismissed on August 11, 2014, on the basis that appellant was not "in custody" for purposes of invoking federal ***habeas*** jurisdiction where, at the time she filed her petition, she was no longer subject to the terms of her probation. ***Robinson v. Barry***, 2014 WL 3908291 (M.D.Pa. 2014).

On June 4, 2012, appellant initiated the instant action by writ of summons filed in Lebanon County and served on the defendants/appellees, Christopher Coyle and Henry & Beaver, LLP, at their place of business. On July 12, 2012, upon praecipe filed by appellees, appellant filed her complaint, alleging legal malpractice committed by appellees in connection with their representation of her during the 2009 criminal matter.

On July 18, 2012, appellant filed motions for recusal and for change of venue to Philadelphia. These motions were denied on November 1, 2012. Appellant's motion for sanctions was also denied. Following preliminary

objections to the complaint filed by appellees, appellant filed a motion for leave to amend the complaint which was granted on January 10, 2013. Appellant filed an amended complaint on January 29, 2013, bringing claims of professional negligence and forgery. The forgery claim related to appellant's allegation that Attorney Coyle had forged her name on a defense continuance motion, thereby thwarting her ability to pursue a dismissal under Pa.R.Crim.P. 600, the speedy trial rule.

On February 7, 2013, appellees filed preliminary objections to the amended complaint. Both parties submitted briefs and appeared at oral argument on May 1, 2013. Appellant filed an ADA accommodation request for a court stenographer during the May 1, 2013 argument which was granted. On July 3, 2013, the trial court issued an order staying the proceedings pending resolution of appellant's petition for allowance of appeal in the underlying criminal case. As stated above, that petition was denied on July 24, 2013. On August 9, 2013, the trial court sustained appellees' preliminary objection in the nature of a demurrer to appellant's claim of negligence, and dismissed Count 1 of the amended complaint. The trial court found that under **Bailey v. Tucker**, 621 A.2d 108 (Pa. 1993), governing actions in criminal malpractice, appellant was unable to plead a legally sufficient claim of professional negligence. Appellant's motion for reconsideration was denied.

On September 3, 2013, appellees filed an answer and new matter to the amended complaint. On September 17, 2013, appellant filed a reply. Appellees filed a motion for judgment on the pleadings on October 16, 2013, and, pursuant to local rule, a praecipe for disposition on December 5, 2013. On March 21, 2014, the trial court granted appellees' motion for judgment on the pleadings and dismissed the matter with prejudice, finding that there is no civil action for forgery. The trial court also rejected appellant's argument that she should be permitted to substitute fraudulent misrepresentation for forgery in Count 2, finding that while fraudulent misrepresentation is a recognized civil cause of action in Pennsylvania, appellant's allegations in her amended complaint did not make out a *prima facie* case of fraudulent misrepresentation. In addition, the trial court stated that it would not be inclined to permit appellant to file a second amended complaint, where she would still be unable to set forth a viable claim for fraudulent misrepresentation.

Appellant filed a timely notice of appeal on April 17, 2014. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.; however, apparently she filed one anyway, listing nine separate claims of error. (Trial court opinion, 5/13/14 at 2.) On May 13, 2014, the trial court filed a supplemental Rule 1925(a) opinion.

Appellant's issues on appeal may be summarized as follows: 1) the trial court erred in dismissing her legal malpractice claim; 2) the trial court erred in dismissing her amended complaint where she made out all the elements of fraudulent misrepresentation, although Count 2 was actually titled "forgery"; 3) the trial court erred in denying her motion for recusal; and 4) the trial court erred in denying her request for a transcript of the May 1, 2013 oral argument on appellees' preliminary objections. None of these issues has merit.

Initially, we address appellees' contention that the appeal should be quashed for the numerous defects in appellant's brief and reproduced record. (Appellees' brief at 14-17.) For example, appellant includes documents in the reproduced record that are not in the certified record; her 89-page brief does not contain a certification that the brief complies with the word count limits as required by the Rules of Appellate Procedure; her brief does not contain appropriate citations to the record; and she failed to attach her Rule 1925(b) statement to her brief as required by Pa.R.A.P. 2111(a)(11).

"This Court 'is willing to liberally construe materials filed by a *pro se* appellant'; however, [appellant] is not entitled to special treatment by virtue of the fact that he 'lacks legal training.'" *Commonwealth v. Maris*, 629 A.2d 1014, 1017 n.1 (Pa.Super. 1993), quoting *O'Neill v. Checker Motors Corp.*, 567 A.2d 680, 682 (Pa.Super. 1989). *See also Commonwealth v.*

***Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003), ***appeal denied***, 879 A.2d 782 (Pa. 2005) ("a ***pro se*** litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.") (citations omitted). Nevertheless, we find that the defects in appellant's brief do not prevent this court from conducting meaningful review of the issues on appeal; therefore, we decline to quash the appeal, however, no consideration will be given to materials not a part of the certified record.

First, we address the order of August 9, 2013, granting appellees' preliminary objection in the nature of a demurrer and dismissing appellant's negligence claim, pleaded as Count 1 of the amended complaint. The trial court found that appellant was unable to plead a legally sufficient claim of professional negligence; in particular, that she could not establish the fifth element of criminal legal malpractice required by ***Bailey***, the successful pursuit of post-trial relief dependent upon attorney error.

> Our scope of review is plenary when reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer. ***See Glassmere Fuel Serv., Inc. v. Clear***, 900 A.2d 398, 401 (Pa.Super. 2006). "In order to determine whether the trial court properly sustained Appellee's preliminary objections, this court must consider as true all of the well-pleaded material facts set forth in the complaint and all reasonable inferences that may be drawn from those facts." ***Id.*** at 402. In conducting appellate review, preliminary objections may be sustained by the trial court only if the case is free and clear of

doubt. *See **Knight v. Northwest Sav. Bank***, 747 A.2d 384, 386 (Pa.Super. 2000).

***Wheeler v. Nationwide Mut. Fire Ins. Co.***, 905 A.2d 504, 505 (Pa.Super. 2006), ***appeal denied***, 916 A.2d 1103 (Pa. 2007).

[A] plaintiff seeking to bring a trespass action against a criminal defense attorney, resulting from his or her representation of the plaintiff in criminal proceedings, must establish the following elements:

(1)     The employment of the attorney;

(2)     Reckless or wanton disregard of the defendant's interest on the part of the attorney;

(3)     the attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/ plaintiff would have obtained an aquittal or a complete dismissal of the charges.[Footnote 12]

[Footnote 12] The defendant/ plaintiff must prove by a preponderance of the evidence that he did not commit any unlawful acts with which he was charged as well as any lesser offenses included therein. Resolving this question will perhaps cause the greatest consternation. However, the only one way to protect the integrity of the system is to permit the attorney to introduce whatever evidence that impacts on the defendant/plaintiff's entitlement to compensation. Such evidence can include any and all confidential communications, as well as

otherwise suppressible evidence of factual guilt.

(4)     As a result of the injury, the criminal defendant/plaintiff suffered damages.

(5)     Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error; [Footnote 13] additionally, although such finding may be introduced into evidence in the subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action.[Footnote 14]

>    [Footnote 13] This requirement does not, however, relieve the plaintiff of his duty to initiate this cause of action within the statute of limitations period as hereinafter discussed, but it does raise a procedural question, to wit: what is to be done with a civil action filed prior to the completion of the post-conviction process? The answer is that an attorney defendant who is served with a complaint alleging professional malpractice for the handling of a criminal matter may interpose a preliminary objection on the grounds of demurrer. *See* Pa.R.C.P. No. 1017(b)(4). The trial court shall then reserve its ruling on said objection until the resolution of the post-conviction criminal proceedings.
>
>    [Footnote 14] In this regard we wish to emphasize that a finding of ineffectiveness is not tantamount to a finding of culpable conduct.

*Bailey*, 621 A.2d at 114-115.

> The new, more rigorous pleading requirements of *Bailey* are designed to serve numerous purposes. By reducing the threat of subsequent malpractice liability, criminal defense attorneys will be better able to represent their clients fearlessly and independently; they will be less likely to compromise their professional judgment and cater to their clients' potentially unwise demands. Qualified and capable attorneys will not be discouraged from engaging in criminal defense work. Also, public policy should not allow an actually guilty defendant to profit from his crime by attacking peripherally negligent aspects of his defense attorney's performance. The heightened pleading standards also discourage frivolous litigation, while leaving intact the criminal defendant's access to other systemic remedies, such as appeals and post-conviction proceedings.

*Hill v. Thorne*, 635 A.2d 186, 190-191 (Pa.Super. 1993), citing *Bailey*, 621 A.2d at 112-113.

As stated above, this court affirmed appellant's judgment of sentence on December 10, 2012, finding the evidence sufficient to sustain the guilty verdict. Specifically, we found that the evidence demonstrated that appellant recklessly disregarded a risk of public inconvenience. *Commonwealth v. Robinson*, No. 1992 MDA 2010, unpublished memorandum at 9 (Pa.Super. filed December 10, 2012). The jury could reasonably conclude that appellant set the hose in order to discourage passing motorcyclists. *Id.* at 8. In addition, an off-duty police officer brought appellant's attention to the fact that the hose was spraying water across the roadway and appellant did nothing to correct the situation until

after being ordered to do so by uniformed police. *Id.* "Thus, appellant was aware of the dangerous situation arising from her property and recklessly refused to immediately correct it." *Id.* at 8-9. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 24, 2013. Therefore, appellant's conviction is now final. Appellant cannot meet the third element required in *Bailey*; *i.e.*, that she did not commit any of the unlawful acts with which she was charged. Appellant cannot prove that "but for" the allegedly negligent acts of her attorneys, she would have obtained an acquittal. As a matter of public policy, a guilty plaintiff cannot collect damages in a criminal malpractice trespass action. *See Bailey*, 621 A.2d at 113 ("First, as for the possibility of a defendant actually profiting from his crime, we require that as an element to a cause of action in trespass against a defense attorney whose dereliction was the sole proximate cause of the defendant's unlawful conviction, the defendant must prove that he is innocent of the crime or any lesser included offense.").[1]

---

[1] We may affirm for a reason other than that relied upon by the trial court. *Gerace v. Holmes Protection of Philadelphia*, 516 A.2d 354 (Pa.Super. 1986), *allocatur denied*, 527 A.2d 541 (Pa. 1987). As stated above, the trial court relied on the fifth element of *Bailey*, the successful pursuit of post-trial relief dependent upon attorney error. We observe that *Bailey* was decided prior to *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), which held that, ordinarily, claims of trial counsel ineffectiveness must be deferred until collateral review. When *Bailey* was handed down, the old "*Hubbard* rule" was still in effect, that any claims of trial counsel ineffectiveness had to be brought at the first available opportunity to avoid waiver, *i.e.*, when the defendant had new counsel. *Commonwealth v. Hubbard*, 372 A.2d 687 (Pa. 1977); *Commonwealth v. Dancer*, 331 A.2d 435 (Pa. 1975). Appellant is no longer eligible for PCRA relief, where she is no longer serving

We now turn to the March 21, 2014 order granting appellees' motion for judgment on the pleadings. Appellant argues that she should have been permitted to amend her complaint to add a count for fraudulent misrepresentation.

> Our scope of review on an appeal from the grant of judgment on the pleadings is plenary. ***Meehan v. Archdiocese of Philadelphia***, 870 A.2d 912, 918 (2005). Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. ***Citicorp North America, Inc. v. Thornton***, 707 A.2d 536, 538 (Pa.Super.1998). It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. ***Id.*** In determining if there is a dispute as to facts, the court must confine its consideration to the

---

a sentence. ***See Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997) ("To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole.") (emphasis in original); 42 Pa.C.S.A. § 9543(a)(1)(i). In addition, the so-called "short sentence" exception to the ***Grant*** rule has been disapproved. ***See Commonwealth v. O'Berg***, 880 A.2d 597 (Pa. 2005) (short sentence did not warrant exception to general rule announced in ***Grant*** precluding consideration of ineffectiveness of counsel claims on direct appeal). As a practical matter, the only way for a plaintiff in appellant's position to satisfy the fifth element of ***Bailey*** in the post-***Grant*** landscape would be to waive his PCRA rights. ***See Commonwealth v. Holmes***, 79 A.3d 562, 578 (Pa. 2013) (recognizing a "good cause/PCRA waiver" exception to the ***Grant*** rule, which applies where the defendant demonstrates good cause for unitary review of multiple or prolix ineffectiveness claims on direct appeal, including non-record based claims, and expressly and knowingly waives his right to seek subsequent PCRA review). An example of "good cause" would be where the defendant is serving a sentence so short as to be unlikely to have the opportunity to seek collateral review of his conviction. ***Id.***

> pleadings and relevant documents. *Id.* On appeal, we accept as true all well-pleaded allegations in the complaint. *Meehan*, *supra*.
>
> On appeal, our task is to determine whether the trial court's ruling was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly be tried before a jury or by a judge sitting without a jury. *Citicorp*, *supra*.
>
> > Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. Moreover, in conducting its inquiry, the court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. It may not consider inadmissible evidence in determining a motion for judgment on the pleadings. Only when the moving party's case is clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a motion for judgment on the pleadings.
>
> *Kelly v. Nationwide Insurance Company*, 414 Pa.Super. 6, 606 A.2d 470, 471-72 (1992) (quotations and citations omitted).

*Consolidation Coal Co. v. White*, 875 A.2d 318, 325-326 (Pa.Super. 2005).

In Count 2 of her amended complaint, appellant brought a claim for forgery. The crime of forgery is codified in the Crimes Code at 18 Pa.C.S.A. § 4101. As the trial court states, there is no private civil cause of action for forgery. (Trial court opinion, 3/21/14 at 5.) In her brief in support of her response to appellees' motion for judgment on the pleadings, appellant

sought permission to file a second amended complaint, substituting "fraudulent misrepresentation" for "forgery" as the heading of Count 2. (*Id.* at 9.) However, appellant never actually filed a motion for leave to amend. (*Id.*) In its opinion of August 9, 2013, the trial court noted that, "Although this Court is unaware of a civil cause of action for "forgery," pleaded as Count 2 in Plaintiff's Amended Complaint, Defendants have limited their demurrer to Plaintiff's claim of negligence as articulated in Count 1." (Trial court opinion, 8/9/13 at 4 n.6.) Nonetheless, despite having been put on notice that forgery is not a cognizable cause of action, appellant did not seek to amend her complaint to include a cause of action for fraudulent misrepresentation until November 19, 2013, after appellees had filed their motion for judgment on the pleadings. (Trial court opinion, 3/21/14 at 9 n.12.)

Furthermore, we agree with the trial court that regardless of the heading of Count 2, appellant did not successfully plead a case for fraudulent misrepresentation. In her amended complaint, appellant alleged that on or about March 24, 2010, appellees forged her signature on a Rule 600 waiver and continuance request. According to appellant, they knew that they did not have her permission or consent to agree to a continuance in the matter or to delay trial. Appellant alleges that appellees submitted the forged continuance request to the court and obtained a continuance that they knew appellant did not need and did not agree to. (Plaintiff's amended complaint,

1/29/13 at 19, ¶¶ 109-111.) Appellant alleged that appellees violated her right to a speedy trial under the 6th Amendment of the United States Constitution and Rule 600. (*Id.* at 19-20, ¶ 113.)

> The elements of fraudulent misrepresentation are as follows:
>
> > (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance.
>
> ***Heritage Surveyors & Eng'rs, Inc. v. Nat'l Penn Bank***, 801 A.2d 1248, 1250-51 (Pa.Super.2002). Scienter, or the maker's knowledge of the untrue character of his representation, is a key element in finding fraudulent misrepresentation. See Restatement (Second) of Torts § 526, Comment a.
>
> ***Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania***, 7 A.3d 278, 290 (Pa.Super.2010), ***appeal denied***, 611 Pa. 675, 27 A.3d 1015 (2011). Fraud must be proven by clear and convincing evidence. [***Hart v. Arnold***, 884 A.2d 316 (Pa.Super.2005), ***appeal denied***, 897 A.2d 458 (Pa. 2006)]; ***Goldstein v. Phillip Morris, Inc.***, 854 A.2d 585, 590 (Pa.Super.2004).

***Weston v. Northampton Personal Care, Inc.***, 62 A.3d 947, 960 (Pa.Super. 2013), ***appeal denied***, 79 A.3d 1099 (Pa. 2013).

Instantly, appellant cannot prove either justifiable reliance or damages. As the trial court states, the recipient of the allegedly fraudulent continuance request was not appellant, but the Lebanon County Court of Common Pleas. (Trial court opinion, 3/21/14 at 8.) It was the court that appellees were allegedly seeking to induce to act through the grant of a continuance, and it was the court which ultimately relied upon the document and granted the continuance. In fact, according to appellant, appellees hid the continuance request from her and never notified her that the document even existed. (Plaintiff's amended complaint, 1/29/13 at 12 ¶¶ 58-59; 19 ¶ 112.) As the trial court explains,

> the recipient of the criminal continuance form allegedly forged by Defendant Coyle was not the Plaintiff, but the Court. It was the Court -- not the Plaintiff -- who the maker sought to induce to act through the grant of a continuance; it was the Court who ultimately relied upon the document and granted the continuance. Yet it is not the Court who has initiated this suit or claimed damages as a result.

Trial court opinion, 3/21/14 at 8-9 (footnote omitted).

In ***Joyce v. Erie Ins. Exchange***, 74 A.3d 157 (Pa.Super. 2013), the appellant made similar allegations in support of a claim for fraudulent misrepresentation: "Appellant averred that State Farm made misrepresentations to the court and jury during Appellant's criminal trial, and also submitted a false victim impact statement. Appellant alleged that

the government relied upon State Farm's misrepresentations, and further alleged that the government's reliance on those statements harmed Appellant." *Id.* at 167 (citations to the complaint omitted). This court held that the appellant had not sufficiently pled fraud where he had not alleged that State Farm made any misrepresentation to *him*, or that *he* was deceived:

> The Complaint failed to state a *prima facie* case of fraud against State Farm and Erie Insurance because it failed to plead that either defendant had made a misrepresentation to [*Appellant*], and it failed to plead that [*Appellant*] reasonably relied upon that misrepresentation. For a *prima facie* case of fraud, the *recipient* of the misrepresentation must be the one to reasonably rely upon the misrepresentation and to be damaged as a proximate cause of that reliance. *See Elia v. Erie Ins. Exchange* [398 Pa.Super. 433], 581 A.2d 209, 211-12 (Pa.Super. 1990) (citations omitted). The Complaint does not allege that the recipient of the misrepresentation was the individual or entity damaged as a proximate cause of reasonable reliance upon the misrepresentation. Therefore, the Complaint failed to state a cause of action for fraud against Erie Insurance or State Farm.
>
> Trial Court Opinion, 4/25/2012, at 2–3 (italics in original).

*Id.*

- 16 -

As in *Joyce*, here, appellant claims that *the court* reasonably relied upon the alleged misrepresentation, not her. In fact, appellant was completely unaware that a defense continuance request had been filed. Therefore, she cannot prove the necessary element of justifiable reliance.

Furthermore, appellant cannot prove damages as a proximate result of the alleged misrepresentation, where her criminal conviction has been upheld on appeal. Appellant alleges that the fraudulent continuance request impaired her speedy trial rights; however, appellant would have to demonstrate that, without the defense continuance request, the Commonwealth would have exceeded the 365-day time limit for bringing appellant to trial under Rule 600. Appellant alleges that the improper continuance request delayed prosecution by 61 days, but does not even attempt to show how, in the absence of excludable time attributable to the defense continuance, a Rule 600 violation would have occurred.

We agree with the trial court that appellant cannot make out the elements of a cause of action for fraudulent misrepresentation. Therefore, the trial court did not err in granting appellees' motion for judgment on the pleadings and dismissing appellant's amended complaint with prejudice.

We now turn to appellant's motion for recusal, denied November 1, 2012. "Recusal is required whenever there is substantial doubt as to a jurist's ability to preside impartially." *Commonwealth v. Tainan*, 734 A.2d 886, 889 (Pa.Super. 1999) (citation omitted). The burden is on the party

moving for recusal; there is a presumption that a judge has acted properly, bound by the oaths of his office and faithful to the requirements of an unprejudiced, unbiased judiciary. *Id.* Furthermore, "[t]he mere participation by the presiding judge in an earlier stage of the proceeding neither suggests the existence of actual impropriety nor provides a basis for a finding of the appearance of impropriety." *Commonwealth v. Boyle*, 447 A.2d 250, 253 (Pa. 1982) (citations omitted).

Here, appellant filed her motion for recusal six days after filing her complaint, before any judge had been assigned to her case. (Trial court opinion, 11/1/12 at 5.) Apparently, her motion was directed to the entire Lebanon County Court of Common Pleas, based on the underlying criminal case. (*Id.*) However, the Honorable Robert J. Eby is a senior judge and was assigned this matter in August 2012. (*Id.* at 7.) Judge Eby had no involvement whatsoever in appellant's criminal case. (*Id.* at 6.) In fact, Judge Eby had retired from active status over eight months before the criminal charges were filed. (*Id.*) There is nothing to support appellant's claims of bias or partiality. The trial court did not abuse its discretion in denying appellant's motion for recusal.

Finally, we address appellant's argument that the trial court refused to provide her with a transcript of the May 1, 2013 proceedings. Appellant requested the use of a court stenographer due to a disability, which was granted. Appellant indicated she wanted a stenographer present during oral

argument in case she needed portions of any exchange read back to her. (Trial court opinion, 5/13/14 at 9.) However, appellant did not request to record the proceedings. (*Id.* at 9 n.3.) It is not the policy of Lebanon County to record or transcribe oral argument, since no testimony is taken at such proceedings. (*Id.*) Prior to the start of oral argument, the trial court explained to appellant that the court stenographer was there for the sole purpose of contemporaneously reading back statements appellant could not hear, recall, or understand. (*Id.* at 9-10.) Appellant was explicitly told that no transcript of the proceedings would be produced. (*Id.* at 10.) At no time did appellant object or request that the proceedings be recorded for permanent use. (*Id.*) Therefore, the matter is waived. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). At any rate, appellant has failed to cite any legal authority for the proposition that she was entitled to a transcript of the oral argument on preliminary objections. More importantly, she cannot possibly demonstrate prejudice where no testimony was taken or evidence presented at the May 1, 2013 proceedings and we have already determined, for the reasons discussed above, that the trial court did not err in sustaining appellees' preliminary objections in the nature of a demurrer to appellant's legal malpractice claim.

Order affirmed.

J. A34009/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2015